469 So.2d 1165 (1985)
Timothy M. BLANCHARD
v.
Abbott J. REEVES.
No. 85-CA-7.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
Rehearing Denied June 17, 1985.
*1166 J. Walter Ward, Jr., Christovich & Kearney, New Orleans, for Abbott J. Reeves defendant-appellee.
Michael J. Matthews, Gonzales, for Timothy M. Blanchard plaintiff-appellant.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
BOUTALL, Judge.
This is a legal malpractice suit. From a judgment maintaining the defendant's exception of prescription and dismissing the plaintiff's suit, the plaintiff has appealed.
The legal malpractice claim grew out of a medical malpractice suit in which Abbott J. Reeves, the appellee, represented Timothy Blanchard, the appellant. Blanchard had injured his hand in an explosion and on December 21, 1976 Dr. Leo Farmer operated to remove metal pieces from the hand. In March, 1979, another physician determined that some metal fragments had remained in Blanchard's hand and removed them surgically on March 16, 1979. Reeves filed a petition for Blanchard on March 12, 1980, alleging Dr. Farmer's negligence. On June 16, 1982, the trial court maintained the doctor's exception of prescription, based on LSA-R.S. 9:5628, which provides that a medical malpractice suit must be filed within one year of discovery of the act of malpractice and within three years of the act itself.
As stated above, the petition for medical malpractice was filed on March 12, 1980 and dismissed on June 16, 1982. The Court of Appeal, First Circuit, affirmed on April 5, 1983 and the Louisiana Supreme Court denied writs on September 23, 1983. Blanchard v. Farmer, 431 So.2d 42 (La. App. 1st Cir.1983), writ denied 438 So.2d 571 (La.1983). The legal malpractice petition was filed on March 14, 1984 and dismissed on October 10, 1984. This appeal followed.
The issue before us is whether the exception was properly maintained. To answer the question the court must decide whether the one-year prescription period for torts or the ten-year prescription period for contracts is applicable to a legal malpractice suit and, if the one-year period applies to these facts, when prescription began to run.
The jurisprudence is divided as to the characterization of legal malpractice actions. Some courts have held that the suits may be filed in either tort or contract, depending upon the facts. Anderson v. Hinrichs, 457 So.2d 225 (La.App. 4th Cir. 1984), writs denied 462 So.2d 192, 462 So.2d 196 (La.1984); Gumm v. Wells, 441 So.2d 511 (La.App. 2nd Cir.1983); Wingate v. National Union Fire Ins. Co., 435 So.2d 594 (La.App. 3rd Cir.1983), writ denied 440 So.2d 762 (La.1983); Cummings v. Skeahan Corp., 405 So.2d 1146 (La.App. 1st Cir. 1981); Jackson v. Zito, 314 So.2d 401 (La. App. 1st Cir.1975), writs refused, 320 So.2d 551 and 553 (La.1975).
Other cases hold that a legal malpractice action lies in tort, except in unusual circumstances. The court in Cherokee Restaurant, *1167 Inc. v. Pierson, 428 So.2d 995 (La. App. 1st Cir.1983), writ denied 431 So.2d 773 (La.1983), applied the rule of Sciacca v. Polizzi, 403 So.2d 728 (La.1981), a case involving medical malpractice, to legal malpractice and said, at 999:
"In light of the above we reverse Jackson v. Zito, supra, and its progeny insofar as they recognize a ten year prescriptive period for the negligent breach of contract by an attorney. A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ.Code art. 3536. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La. Civ.Code art. 3544 would apply."
That holding has been followed in Knighten v. Knighten, 447 So.2d 534 (La.App. 2nd Cir.1984) writ denied 448 So.2d 1303 (La. 1984), Sturm v. Zelden and Zelden, 445 So.2d 32 (La.App. 4th Cir.1984), and McLaughlin v. Herman & Herman, 729 F.2d 331 (5th Cir.1984).
We do not believe that the appellant's case is an exception to the one-year prescriptive period, as there is no convincing evidence to support his allegation that the attorney guaranteed a result, i.e. to win the case. The trial judge obviously resolved the conflict in testimony in appellee's favor. The one-year period for torts is clearly applicable to the facts before us. The alleged act of malpractice, failing to file suit timely, is an act of negligence, as was the failure of a notary to record an act of sale timely in Anderson v. Hinrichs, supra.
In the alternative appellant argues that even if the one-year period is deemed to apply, his suit was filed within a year of discovery of the tort. He asserts that prescription did not begin running until September 23, 1983, when the Supreme Court denied the writ application on the suit against Dr. Farmer. The appellee takes the position that prescription ran from June 16, 1982, when the trial court dismissed the suit.
Where the plaintiff's cause of action has prescribed on the face of the petition, he bears the burden of proof to rebut the exception of prescription. Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602 (La.App. 4th Cir.1979), writ denied 373 So.2d 531 (La.1979). Although prescription does not run until the plaintiff is aware of the tort and the resulting damage, he need not have actual knowledge as long as he has constructive knowledge. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970).
In the instant case, had the attorney-client relationship ended after trial, we would apply the rule that prescription began to run from the date of the adverse trial judgment, when the plaintiff learned that the suit had been filed late. Sturm v. Zelden & Zelden, supra. However, the issue is complicated by the fact that the attorney continued to represent Blanchard and pursue the case through the appellate process. There is no evidence to suggest that Reeves admitted to having been in error or that he was liable or in any way implied that an appeal was not worthwhile. On the other hand, there is none to suggest that the attorney deliberately and in bad faith continued to appeal in order to let prescription run on the plaintiff's cause of action against himself. What is clear is that the attorney-client relationship continued through denial of writs by the Supreme Court.
Reeves did testify at trial that after the Louisiana Supreme Court denied the writ application he wrote the plaintiff saying, "If you wanted to go beyond the State Supreme Court, we'd go to the United States Supreme Court." Blanchard and his sister both testified that Reeves had said they were within the law and encouraged him to appeal. Reeves was representing various members of the family in other *1168 matters and Blanchard said he had no reason to doubt him.
The continuance of the attorney-client relationship poses a dilemma which reaches a crisis at time of judgment. The judgment then demonstrates that there is a conflict of interest between attorney and client as to cause of dismissal of the client's claim. At the same time it is beneficial to both if the matter is successfully appealed. As an attorney, Reeves was obligated to inform his client of the conflict of interest. The record does not disclose that he did. Had he done so, the client could have made a knowing choice as to whether to continue the relationship or seek other legal counsel. On the other hand, if Reeves was not aware of the conflict of interest, he would have us impose upon his client a greater burden of legal knowledge than he possessed.[1] His continued representation without disclosure requires us to impose the principle of contra non valentum.[2] We find that the attorney's conduct induced the plaintiff-client to delay filing the legal malpractice suit and prescription did not begin to run until denial of writs and cessation of the attorney-client relationship. Thus, suit filed against the attorney on March 14, 1984 was timely.
Accordingly, the judgment appealed from, sustaining the defendant's exception of prescription, is reversed and the case is remanded for trial of the merits or such other proceedings as may be relevant.
REVERSED AND REMANDED.
NOTES
[1] For a similar holding in a medical malpractice case where the physician continued treatment of the patient see Malbrough v. Hamsa, 463 So.2d 639 (La.App. 5th Cir.1984).
[2] See Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1978), for an explanation and application of the principle.