BOUTALL, Judge.
This is a legal malpractice suit. From a judgment dismissing the plaintiff’s suit on an exception of one-year prescription, the plaintiffs have appealed. We affirm.
. The suit was brought by Kathryn Janell Albares and Philip Albares, Jr. against their attorney, Hugh B. Exnicios, for damages and breach of contract in connection with a suit arising from an automobile accident. The specific allegations were that Exnicios had failed to investigate adequately the extent of the plaintiffs’ injuries and had advised and secured from them a settlement which grossly under-compensated them. Although both plaintiffs appealed, the appellant’s brief refers only to Kathryn Albares.
The plaintiff filed suit against Exnicios on October 29, 1984, but cited no date for the alleged act of malpractice, i.e. the settlement. On November 12, 1984, Exnicios did not answer but raised the exception of one-year prescription. In his memorandum in support of the exception, he stated that the plaintiffs had hired him on January 20, 1982 and had accepted and received a settlement on May 12, 1982. In July, 1982 Mrs. Albares filed a formal complaint with the Bar Association’s Committee on Professional Responsibility, objecting to deduction of the attorney’s fee from the medical reimbursement portion of the settlement. Exnicios alleges that he voluntarily returned the questioned fee, which Ms. Al-bares accepted. The committee held on February 14, 1983 that the matter was moot and resolved.
The exception of prescription was heard and judgment rendered on January 25, 1985, granting the exception and casting the plaintiffs for costs. From that judgment, the plaintiff has taken this appeal.
The appellant’s counsel does not formally assign errors or raise issues in her brief, contrary to Uniform Rule's-Courts of Appeal, Rule 2-12.4. However, the brief indicates that she asks this court to consider 1) whether the doctrine of contra non valentem is applicable to the facts and 2) whether the failure of an attorney to represent his client is not only a breach of a legal duty but also of a contractual duty, in which case the claim would have been filed timely.
Contra non valentem. The doctrine is to the effect that prescription does not run against a party who is unable to act. A number of situations to which the principle has been held to apply are discussed in Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979). The appellant argues that the defendant attorney himself had acted in such a way as to prevent her availing herself of her cause of action, and that she had neither actual nor constructive knowledge of her cause of action until she discussed the matter with her present attorney.
The first ground applies, she argues, because the attorney influenced the Bar Association’s conclusion that he had not acted improperly, by representing to them that he had acted in his client’s best interest. The Bar Association’s favorable report prevented her filing suit. We can find no real logic in this argument. We doubt that there is any precedent for applying contra non valentem on the basis of an attorney’s defense before the Bar Association.
The second ground, that Mrs. Al-bares was unaware of a cause of action, is equally difficult to apply to this case. *475 Counsel’s argument again is based on Mrs. Albares’ having been lulled into inactivity by the Bar Association’s report. As she had constructive knowledge sufficient to cause her to consult the Bar Association she had only to consult another attorney if she felt that the report was in error. The facts here are quite unlike those in Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5th Cir.1985), where this court did apply contra non valentem. There the attorney continued to represent the client whose damage suit had been dismissed on prescription through the appeal process and encouraged the appeals. The court held that the plaintiff became aware of his cause of action against his attorney and prescription began to run on the date the Supreme Court denied writs on the damage suit.
Breach of contract. The appellant’s position is that even when the prescription period for tort actions has expired, the plaintiff in a legal malpractice suit continues to have an action in contract, for which the prescription period is ten years. She cites as authority Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983), writ denied 431 So.2d 773 (La.1983), and several earlier cases, including Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir.1975), writ denied 320 So.2d 551 (La.1975). While it is true that certain cases have held that an action may lie in tort and in contract, the Cherokee case held that a malpractice action in contract may be brought only under certain exceptions, as follows at 999:
“... we reverse Jackson v. Zito, supra, and its progeny insofar as they recognize a ten year prescriptive period for the ‘negligent breach of contract’ by an attorney. A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ.Code art. 3536. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ.Code art. 3544 would apply.”
The Cherokee rule has been followed since in Sturm v. Zelden and Zelden, 445 So.2d 32 (La.App. 4th Cir.1984), Knighten v. Knighten, 447 So.2d 534 (La.App. 2nd Cir. 1984), Rayne State Bank v. Nat. Union Fire Ins. Co., 469 So.2d 409 (La.App. 3rd Cir.1985);[1] Blanchard v. Reeves, supra; McLaughlin v. Herman & Herman, 729 F.2d 331 (5th Cir.1984).
There is no transcript of the hearing in the record, nor is there a memorandum in opposition to prescription. In her petition, the plaintiff alleges the following actions of defendant in breach of contract:
“1) Failing to comply with the terms of his contract with the petitioner by failing to adequately represent the petitioner’s interest with regard to her claim;
“2) Breaching his contract with petitioner by failing to investigate and/or research adequately her claim when, by the terms of their contract, he was bound to do so;
“3) Breaching his contract with petitioner by offering her negligent advise when the contract mandated competent legal counseling; and
“4) Any other acts that constitute breach of contract which may be shown at trial.”
It is submitted that none of these allegations bring the plaintiff’s claim under the exceptions of Corsey v. State Dept. of Corrections, supra, as there is no suggestion of an express warranty. The allegations instead apply to the defendant’s negligence *476 in his failure to adhere to the standard of care for practice in the community. As the prescription period of one year is applicable to tort actions and the plaintiff’s suit was filed more than two years after the claim arose, the claim has prescribed.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.

. The Third Circuit acknowledged that the Cherokee holding was inconsistent with its prior holding in Wingate v. National Union Fire Ins. Co., 435 So.2d 594 (La.App. 3rd Cir.1983), writ denied 440 So.2d 762 (La.1983), but the court was convinced that it was the “better and more modern method of determining whether a legal malpractice case sounds in tort or contract and which prescriptive period should apply."