483 So.2d 1156 (1986)
SHUSHAN, MEYER, JACKSON, McPHERSON & HERZOG.
v.
Shirley Fabre MACHELLA, Individually, and as the Natural Tutrix of the Minor, Jerri Josephine Machella, and James F. Machella, Jr.
No. 85-CA-572.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
Shushan, Meyer, Jackson, McPherson & Herzog, Donald A. Meyer, New Orleans, for plaintiff-appellee.
James E. Shields, Gretna, for defendants-appellants.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Shirley Fabre Machella, individually and as the natural tutrix of her minor daughter, Jerri Josephine Machella, and her son, James F. Machella Jr., appeal from a judgment that maintained an exception of prescription and dismissed their reconventional demand for legal malpractice against the plaintiff law firm.
On January 11, 1985 Shushan, Meyer, Jackson, McPherson & Herzog (hereinafter called Shushan), a partnership engaged in the practice of law, filed its petition to recover fees for legal services rendered. The law firm alleged that in February 1981, Shushan began representing Shirley and James F. Machella (Sr.) in foreclosure proceedings against them by the South Louisiana Production Credit Association, in proceedings to secure the release of the Machellas' boat, the M/V Gambling Lady, and in bankruptcy proceedings.
According to Shushan's petition, their legal representation of the Machellas was terminated on January 7, 1983 and Shushan sent the Machellas a statement in the amount of $25,000 for services rendered. *1157 The Machellas did not pay the bill, although a statement was sent to them every month thereafter.
Shushan alleged further that James Machella died on August 2, 1983 and his succession was opened. Shushan stated that on July 3, 1984 a petition for possession was filed, in which Mrs. Machella, individually and on behalf of her minor daughter, Jerri Josephine Machella, and James Machella Jr. acknowledged the succession was solvent and relatively free from debt, obligated themselves personally to pay the decedent's debts, and accepted the succession unconditionally.
On March 7, 1985 the Machellas answered the suit and filed a reconventional demand, in which they sought damages in excess of three million dollars for alleged legal malpractice by Shushan. They asserted Shushan had committed "gross contractual negligence" in the following ways: advising plaintiffs to file Chapter 11 bankruptcy proceedings; failing to obtain the release of the M/V Gambling Lady through injunctive and bonding procedures; failing to take action in the bankruptcy proceedings to have the vessel released as a tool of the trade; failing to give "reasonable and contracted for, valid legal advise" [sic]; refusing and/or failing to prepare for trial in some of the proceedings; inducing plaintiffs to enter into an agreement that was "improper, unconscionable, totally inappropriate and impossible for [the Machellas] to perform"; and "failing to recognize or deliberately not recognizing that James F. Machella was recovering from a serious heart attack, from which he subsequently died, was in a drugged condition and was incapable of making sound decisions on April 19, 1982."
Shushan then filed its exception of prescription, asserting that more than one year had passed between the alleged acts of negligence and the filing of the reconventional demand. The Machellas argued in opposition that the action lay in contract rather than in tort, making the applicable prescriptive period ten years.
No testimony or other evidence was presented at trial of the exception so the trial judge had to rely on the face of the pleadings. In his reasons for judgment, he found that Shushan did not warrant a particular result, therefore the cause of action was not in contract. Thus the action was in tort and the applicable prescriptive period was one year (LSA-C.C. art. 3492). He concluded that the Machellas had had knowledge of facts that would enable them to bring suit for more than one year before their reconventional demand was filed. Accordingly, he rendered judgment in favor of Shushan, finding the reconventional demand had prescribed.
On appeal the Machellas contend that the trial court erred in finding appellants had knowledge of facts that would have enabled them to bring a suit more than one year before demand was made and that the trial court erred in ruling that the Machellas failed to state a cause of action in contract. They argue, first, that they did not know their legal rights against Shushan until they consulted an attorney in connection with Shushan's collection suit against them; second, they argue they sufficiently stated a cause of action ex contractu by their allegations that they contracted with Shushan to represent them in the foreclosure proceedings and to secure the release of their boat and by the other allegations detailed above. In addition, they assert the trial judge erred in deciding the exception without any evidence having been presented.
In Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995, 998 (La.App. 1 Cir. 1983), writs denied 431 So.2d 773, the court stated,
"Although the attorney-client relationship gives rise to an implied warranty of the attorney to use his best professional skill and judgment, this duty is legal rather than contractual in nature, and a breach of this duty amounts to a tort. * * Only when an attorney breaches an express warranty of result does an action for breach of contract arise."
*1158 In that case, the First Circuit expressly reversed itself on a prior line of cases that recognized a ten-year prescriptive period for the "negligent breach of contract" by an attorney, concluding the prescriptive period for legal malpractice generally is one year. The court pointed out, however, that when an attorney expressly warrants a particular resultsuch as the ultimate legal effect of his work productor agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten-year prescriptive period of LSA-C.C. art. 3499 would apply.
C.C. art. 3492 states this prescription commences to run from the day injury or damage is sustained. (See former C.C. art. 3537, vacated and reenacted by Acts 1983, No. 173, effective January 1, 1984.) The caselaw has interpreted this as meaning one-year prescriptive period of LSA-C.C. art. 3492 commences to run from the date the injured party discovered or should have discovered the existence of facts that would enable him to bring suit. Cherokee Restaurant, Inc. v. Pierson, supra.
When the plaintiff's cause of action has prescribed on the face of his own petition, he has the burden of proving facts which would have the effect of interrupting or avoiding prescription. Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602 (La.App. 4 Cir.1979), writ denied 373 So.2d 531. See also, Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5 Cir.1985).
Ignorance of one's rights does not toll the running of prescription. Knighten v. Knighten, 447 So.2d 534 (La.App. 2 Cir. 1984). Although prescription does not run until the plaintiff is aware of the tort and the resulting damage, he need not have actual knowledge as long as he has constructive knowledge. Blanchard v. Reeves, supra.
Plaintiffs' cause of action in tort had prescribed on the face of their petition. Thus, although the burden of presenting evidence to support a claim of prescription would normally fall to Shushan, as the party raising the exception, in this case it fell to the Machellas. They failed to offer any evidence. There is no showing that they were in any way prevented from offering evidence had they wished to do so. Therefore the trial judge correctly ruled on the face of the pleadings.
LSA-C.C.P. art. 927 states that the failure to disclose a cause of action in the plaintiff to institute the suit may be noticed by either the trial or appellate court of its own motion. The Machellas neither alleged that Shushan warranted any particular result nor that Shushan performed no work at all on the matters for which the firm was retained. Accordingly, the trial judge correctly ruled that the Machellas failed to state a cause of action in contract.
For the foregoing reasons the judgment of the district court is affirmed. Appellants are to pay the costs of this appeal. The matter is remanded for further proceedings on the main demand.
AFFIRMED AND REMANDED.