509 So.2d 726 (1987)
EDWARD J. MILLIGAN, JR., LTD., a Professional Law Corporation, Plaintiff-Appellee,
v.
Philip Rodney LACAZE, Defendant-Appellant.
No. 86-568.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Writ Denied September 21, 1987.
*727 Gregory K. Klein, Lafayette, for defendant-appellant.
Edward J. Milligan, Jr., Lafayette, H. Alston Johnston, III of Phelps, Dunbar, Baton Rouge, for plaintiff-appellee.
Before GUIDRY and FORET, JJ., and CULPEPPER, J. Pro Tempore.[*]
WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
The sole issue presented in these consolidated cases is whether the trial court erred in sustaining plaintiff's exceptions of prescription and dismissing defendant's reconventional demand.
On January 31, 1986, plaintiff, Edward G. Milligan, Jr., Ltd., a Professional Law Corporation, filed a petition to recover fees for legal services rendered to defendant, Philip Rodney LaCaze. Defendant filed an answer and reconventional demand on February 18, 1986, asserting that plaintiff was negligent in his representation of defendant in a suit for separation from bed and board and a rule to obtain custody of his two minor children. The plaintiff filed a motion to strike and a peremptory exception, contending that prescription began to run on October 29, 1984, when defendant, on plaintiff's advice, agreed to a stipulation awarding custody of his minor children to the State pending a mental evaluation of defendant and his wife. In response to the exception, defendant claimed that prescription did not commence to run until January 1986 when he engaged other counsel and was informed that the stipulation was unnecessary and avoidable. The trial court granted plaintiff's exception of prescription and motion to strike on May 9, 1986, dismissing defendant's reconventional demand as to acts occurring on or about October 29, 1984.
Subsequent to the judgment, plaintiff was served with defendant's amended reconventional and third party demand, which clarified the issues raised in defendant's original pleadings. In response, plaintiff filed exceptions of prescription and res judicata and a motion to strike. The exceptions and motion were heard in Chambers on July 23, 1986. Judgment was rendered on July 28, 1986, denying the exception of res judicata, but granting the exception of prescription and the motion to strike and dismissing defendant's amended petition insofar as it attempts to state a cause of *728 action for acts occurring on or about October 29, 1984. Defendant also appealed this judgment, which was consolidated for hearing with the previous appeal.
For the reasons hereinafter set forth, we reverse the decisions of the trial court.

FACTS
On October 11, 1984, defendant engaged plaintiff's services for the purpose of obtaining a separation from bed and board and custody of his two minor children. Defendant signed a contract in which he agreed to pay plaintiff a $300.00 retainer and $75.00 per hour for costs and services incurred in the management of his claim.
On October 29, 1984, defendant appeared in court for a hearing on a rule to determine custody of the children and other ancillary matters. Prior to the hearing defendant and his wife entered into a stipulation which provided that custody of the children be placed in the Department of Health and Human Resources, with the paternal grandparents of the children having physical custody. Both parents consented to undergo psychological and psychiatric evaluations. The defendant agreed to pay $200.00 per month as child support. Judgment was rendered and signed in accordance with the stipulation on October 30, 1984.
Plaintiff filed a rule to change custody on behalf of the defendant on July 17, 1985. Defendant discharged plaintiff on August 5, 1985, and retained other counsel. A hearing was held on the rule to change custody on September 23, 1985, and the court awarded custody of the children to defendant.
On January 31, 1986, plaintiff filed a collection suit against the defendant to recover fees for legal services rendered in the amount of $1,872.25. On February 18, 1986, defendant answered the suit and filed a reconventional demand in which he sought damages in excess of $250,000.00 for recovery of expenses and mental anguish suffered as a result of the eleven-month loss of his children. Defendant filed an amended reconventional and third party demand on April 18, 1986, in which he asserted that plaintiff was negligent in failing to inform him of any alternatives to entering the stipulation awarding custody to the State, and in not filing pleadings necessary to restore the custody of the children to him until July 17, 1985. Defendant contends that he was unable to effectively evaluate plaintiff's performance as an attorney until he engaged other counsel in January 1986.
Plaintiff filed an exception of prescription to defendant's reconventional demand maintaining that the malpractice suit was filed more than one year after defendant's cause of action arose. The trial court sustained the exception and dismissed the suit. Plaintiff also filed exceptions of prescription and res judicata to defendant's amended petition. The trial court granted the exception of prescription and dismissed the amended petition. Both cases are consolidated on appeal.

PRESCRIPTION
Defendant's only assignment of error in both appeals is that the trial court erred in finding that his claims had prescribed.
An action for legal malpractice normally states a cause of action in tort and is subject to the one-year prescriptive period in La. C.C. art. 3492. Only when an attorney breaches an express warranty will an action for breach of contract arise. Gifford v. New England Reinsurance Corp., 488 So.2d 736 (La.App. 2 Cir.1986); McNary v. Sidak, 478 So.2d 712 (La.App. 3 Cir.1985). In this case, plaintiff did not guarantee or warrant any result to defendant. The record reflects that plaintiff acted only in an attempt to restore custody of the defendant's children to him. Therefore, any claim that defendant might have against plaintiff is delictual in nature and subject to a one year period of prescription.
Defendant argues that prescription did not begin to run until the termination of *729 the attorney-client relationship, which was August 5, 1985. Plaintiff contends that prescription commenced to run on October 29, 1984, which was the date defendant was allegedly damaged by the stipulation depriving him of custody.
In the recent case of Olivier v. National Union Fire Ins. Co., 499 So.2d 1330 (La. App. 3 Cir.1986), this court held that prescription in a legal malpractice action is suspended until the termination of the attorney-client relationship. The court, relying on the factually similar case of Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5 Cir.1985), writ den., 476 So.2d 347 (La.1985), reasoned as follows:
"Due to the continuing attorney-client relationship between the Oliviers and Gibbs, we find that the civilian doctrine of contra non valentum 3 comes into play to suspend the running of prescription until such time that the Oliviers could practically have brought a malpractice suit against Gibbs, i.e., upon the termination of the attorney-client relationship. To hold otherwise would create a situation where an attorney could effectively defeat a malpractice claim against himself by utilizing the appeals process to continue the attorney-client relationship until such time as prescription had run." (Footnote omitted.)
Olivier, supra, at page 1337.
Defendant terminated plaintiff on August 5, 1985. Under the reasoning of Olivier and Blanchard, prescription did not commence to run until that date. Thus, defendant's legal malpractice action filed on February 18, 1986 was timely. We therefore reverse the trial court's judgment dismissing defendant's suit.
For the foregoing reasons, the judgment of the trial court maintaining the exception of prescription is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion. All costs of these proceedings are assessed against plaintiff-appellee.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.