520 So.2d 1292 (1988)
WILCO MARSH BUGGIES & DRAGLINES, INC., Alice Wilson, Wife of/and John M. Wilson, Jan Wilson, Wife of/and Robert J. Wilson, and Cheryl Wilson, Wife of/and Dean R. Wilson
v.
XYZ INSURANCE COMPANY, Nathan Greenberg and Samuel Scrivener, Jr.
No. 87-CA-457.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Writ Denied April 7, 1988.
Roger J. Larue, Jr., Michael J. Moran, Metairie, for plaintiffs-appellants.
John V. Baus, Jr., Hammett, Leake & Hammett, New Orleans, for defendants-appellees Nathan Greenberg and New England Reinsurance Co.
Roger I. Dallam, Greenberg & Dallam, Gretna, for defendant-appellee Sam Scrivener, Jr.
Before KLIEBERT, BOWES and GAUDIN, JJ.
*1293 KLIEBERT, Judge.
Wilco Marsh Buggies and Draglines, Inc., Alice Wilson, wife of/and John N. Wilson, Jan Wilson, wife of/and Robert J. Wilson, and Cheryl Wilson, wife of/and Dean R. Wilson, plaintiffs, filed a legal malpractice claim against attorneys Nathan Greenberg, Sam Scrivener, Jr., and Greenberg's insurer, the New England Reinsurance Company, defendants. The claim sued on allegedly arose from defendant Greenberg's representation of plaintiffs from sometime in 1979 thru June of 1983 in the liability phase of a bifurcated patent infringement suit brought by Kori, et al against plaintiffs in the U.S. District Court, Eastern Division of Louisiana. Although not licensed to practice in Louisiana, Scrivener, a Washington, D.C. patent attorney, was associated with Greenberg in the patent infringement suit.
In response to the malpractice claim, defendants filed exceptions of prescription. After a hearing date on the exceptions was set plaintiffs filed an amending and supplemental petition alleging a breach of warranty by plaintiff. The trial judge maintained the exceptions and dismissed the suits.
The plaintiffs appealed contending the trial court erred because prescription did not commence to run until 1985. We affirm the ruling of the trial court.
The plaintiffs here were found liable in the bifurcated patent infringement trial by the U.S. District Court on December 11, 1981, Kori v. Wilco, 561 F.Supp. 512, affirmed 708 F.2d 151. In June of 1983 when the U.S. Fifth Circuit Court of Appeals affirmed the liability aspect of the patent infringement suit, appellants became dissatisfied with the services of Mr. Greenberg and Mr. Scrivener and hence terminated their employment. They hired Mr. Ned Conley of Butler and Binion to represent them. While represented by Mr. Conley, plaintiffs, on August 30, 1982, were cast in judgment on the damage portion of the patent infringement suit for $1,113,660.11. This judgment was affirmed by the Federal Fifth Circuit Court of Appeal on May 2, 1985. Kori v. Wilco, 761 F.2d 649.
On August 30, 1982, when the substitution of attorneys (Conley for Greenberg) was ordered by the court, there was pending in the U.S. Fifth Circuit Court of Appeals a motion for rehearing on its ruling on the liability portion of the patent infringement suit. Since he did not have much hope the rehearing would be granted, Greenberg was also in the process of preparing a writ of certiorari to the U.S. Supreme Court. He furnished copies of the applications and briefs for the rehearing and the writ application which he had prepared to plaintiffs and to their new counsel. The rehearing and writ applications were pursued on behalf of plaintiffs by their new counsel. The rehearing on the liability phase was denied on August 17, 1983. The damage awards were affirmed by the U.S. Fifth Circuit Court of Appeals on May 2, 1985 and writs were denied by the Supreme Court on on October 10, 1985.
Thereafter, on November 5, 1985, plaintiffs filed this malpractice action charging the defendant Greenberg with legal malpractice alleging that:
(1) Although he knew or should have known the suit involved specialized patent law and required the specialized knowledge of "patent attorneys" Greenberg undertook the litigation himself,
(2) He failed to advise petitioners of the possibility of an extensive adverse judgment, and of the possibility of a settlement,
(3) He acknowledged in pleadings on behalf of these petitioners that Kori Corporation was an exclusive licensee of the product; whereas, Kori was not in fact an exclusive licensee,
The allegations against Scrivener were:
(1) He failed to advise plaintiffs of the potential outcome of the litigation, his research had not developed a similar product having been patented and the possibility the court could find that the combination of design in the Kori Marsh Buggy with its synergestic effect, which resulted in an extensive judgment against petitioners.
From the transcript hearing on the exceptions, it was evident the malpractice charges were grounded primarily in the *1294 contention that defendants failed to timely discover and urge as a defense to the patent infringement suit the fact that Kori et al had a public use of the patented item before applying for a patent, hence, under 35 U.S.C. Section 102(b) the patent issued to them was invalid. The prior public use had been discovered and disclosed in other patent infringement suits filed by Kori against persons other than plaintiffs in the U.S. District Court Eastern Division. The discovery was subsequent to plaintiffs here being found liable for patent infringement.
A legal malpractice action lies in tort except where an attorney breaches an express warranty of result. An action for breach of contract would then lie and the ten year prescriptive period of La.Civil Code Article 3544 would apply. Blanchard v. Reeves, 469 So.2d 1165 (5th Cir.1985) writ denied 476 So.2d 347 (La.1985). See also Shushan, Meyer, Jackson, McPherson and Herzog v. Machella, 483 So.2d 1156 (5th Cir.1986).
As reflected by the transcript of the hearings on the exceptions, all parties agreed the only issue before the trial court was the one year prescriptive period in tort and not the ten year prescriptive period for breach of contract. Nevertheless, in his written reasons for judgment the trial judge specifically found defendants did not expressly warrant a particular result, therefore, only the one year prescriptive period in tort was applicable. Neither plaintiffs nor defendants argue in brief for or against the finding that "the defendants did not expressly warrant a particular result." Hence, we consider the issue on this appeal to be limited to prescription of the tort action and hereafter limit our discussion to that issue.
The alleged acts of malpractice occurred prior to termination in June 1983 of the defendants' employment. The suit alleging the malpractice was not filed until November 5, 1985. The one year prescriptive period for a tort action commences running on the date the injured party discovers or should have discovered the facts upon which his cause of action is based, but requires more than a mere apprehension that something might be wrong. Lott v. Haley, 370 So.2d 521 (La.1979); Cardova v. Hartford Accident & Indemnity Co., 387 So.2d 574 (La.1980). Where, as here, the plaintiffs' cause of action has prescribed on the face of the petition, he bears the burden of proof to rebut the exception of prescription. Blanchard v. Reeves, supra; Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (La.1970). Thus, the burden is on plaintiffs to show their alleged claim has not prescribed.
As their principal argument, plaintiffs contend prescription did not begin to run until they were notified by their new counsel by letter dated May 17, 1985 that the Federal Circuit Court of Appeals' opinion (affirming the damage award) solidified their action for malpractice against Greenberg. They argue the May 17, 1985 date should be used because that is the date plaintiffs realized the actions of the defendants were negligent and such negligence played a significant part in bringing about the money judgment against them.
The defendants contend the prescriptive period began to run in July of 1983 after plaintiffs' liability was affirmed by the trial court and their attorney-client relationship was terminated. Further, defendants argue plaintiffs had actual and constructive notice of the facts necessary for them to file suit in July 1983.
The services of Greenberg and Scrivener were terminated after the appellate court affirmed the liability judgment against these plaintiffs but before rendering a decision on their application for rehearing. New counsel, an expert patent attorney, was employed before the appellate court rendered judgment on August 17, 1983 denying the application for rehearing.
In his application for rehearing to the United States Court of Appeals for the Fifth Circuit and in his draft of a writ application to the United States Supreme Court,[1] Greenberg refers to the "prior use" *1295 of the patented equipment which would have invalidated the patent. One basis of defendants' alleged malpractice was that plaintiffs were not aware and could not be made aware of any prior use until late 1985 or early 1986. However, a pleading filed in the United States Court of Appeals for the Fifth Circuit in August of 1983 by plaintiffs' "new" patent attorney states he closely reviewed the record and the trial court's opinion and appellants' (plaintiffs herein) rights should not be affected by errors of previous counsel. The above facts indicate plaintiffs were aware, or at least should have been aware, of any alleged malpractice committed by defendants in August of 1983. Further, as plaintiffs' "new" patent attorney stated he closely reviewed the record in this case, he knew or should have known the significance of Greenberg's alleged error in his pleading that Kori was an exclusive licensee, again in August of 1983. Therefore, absent a suspension of the running of prescription, plaintiffs' suit has prescribed.
Plaintiffs argue that the doctrine of contra non valentum suspends the running of prescription until such time as they are aware of the significance of the negligent omissions or commissions committed by defendants. Here, however, all acts of commission or omission were of record in August of 1983 when plaintiffs' "new" patent attorney stated they had closely reviewed the record in the patent litigation and plaintiffs' rights should not be affected by errors of previous counsel.
Contra non valentum is an application of the long-established principle of law that one should not be able to take advantage of his own wrongful act. Nathan v. Carter, 372 So.2d 560 (La.1979); Elzy v. ABC Insurance Co., 472 So.2d 205 (4th Cir.1985). Contra non valentum applies to and suspends the running of prescription against a party who is ignorant of facts that would entitle him to bring suit, where such ignorance is not willful and does not result from the party's own negligence. Walter v. Caffall, 192 La. 447, 188 So. 137 (1939); McNary v. Sidak, 478 So.2d 712 (3rd Cir.1985). Ignorance of one's rights does not toll the running of prescription. Shushan supra; Knighten v. Knighten, 447 So.2d 534 (2nd Cir.1984). A plaintiff must show that a defendant has concealed facts or engaged in fraudulent practices that lulled the plaintiff into a course of inaction which prejudiced his rights in order to interrupt the running of prescription. McNary, supra, and numerous cases cited therein.
In the instant case, there is nothing in the record to suggest defendants concealed facts or engaged in fraudulent practices that prejudiced plaintiffs' rights. Plaintiffs knew or should have known all the necessary facts to file suit against defendants when the attorney-client relationship was terminated in July of 1983 or at the latest in August of 1983. See Blanchard, supra; Edward J. Milligan, Jr., Ltd. v. LaCaze, 509 So.2d 726 (3rd Cir.1987). Thus, plaintiffs' legal malpractice action filed November 5th, 1985 has prescribed.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Although it was stipulated by both parties that these were sent to the "new" patent attorney and submitted in evidence we have been unable to locate copies of same in the record.