539 So.2d 894 (1989)
Joseph R. TRUJILLO
v.
James M. BOONE, Peter J. Abadie, et al.
No. 88-CA-1426.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Writ Denied April 21, 1989.
Edward R. Drury, Jefferson, for plaintiff-appellant Joseph R. Trujillo.
Esmond Phelps, II, John Sneed, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendant-appellee Peter J. Abadie.
Before BARRY, KLEES and BECKER, JJ.
KLEES, Judge.
Plaintiff, Joseph Trujillo, appeals a trial court judgment dismissing his legal malpractice suit against defendant, Peter J. Abadie, on an exception of prescription. We affirm.
The facts of this case are not complicated, but recitation of background information is important to understand the significance of the dates.
On December 18, 1981, plaintiff was working aboard the M/V Tiffany and was injured when he fell into an uncovered manhole. He retained attorney James M. Boone to represent him in connection with the injuries he sustained in the accident. On March 8, 1983, Mr. Boone filed a complaint on plaintiff's behalf in U.S. District Court for the Eastern District of Louisiana against the M/V Tiffany (in rem), Louisiana Maintenance Service Company and Revelle Shipping Agency. Of particular importance is the fact that Mr. Boone failed to effect service on the M/V Tiffany and its proper owners.
On August 10, 1983, defendant, Peter Abadie, enrolled as counsel of record on behalf of the plaintiff. Mr. Abadie represented plaintiff filing pleadings, attending depositions and pre-trial conferences relative to the maritime action. Mr. Abadie *895 also failed to effect service on the M/V Tiffany and its owners.
Plaintiff released Mr. Abadie as his attorney in the matter in November, 1985 and then contracted with attorney Cardell Thomas to represent him. Ernest Lee Caulfield enrolled as plaintiff's co-counsel on July 25, 1986.
Plaintiff's case went to trial in U.S. District Court on August 7, 1986. Mr. Thomas presented plaintiff's case and then rested. After a recess in the proceedings was granted, Revelle Shipping Agency's attorney informed Mr. Thomas and Mr. Caulfield that the M/V Tiffany and its owners had never been served with the original complaint and were not before the court. The attorney then threatened to move for an involuntary dismissal as to the M/V Tiffany and its owners and offered to settle the matter with respect to Revelle Shipping Agency for the amount $5,000.00. On the advice of Mr. Thomas, plaintiff settled.
On August 3, 1987, plaintiff filed a legal malpractice suit against Mr. Boone, Mr. Abadie, Mr. Thomas and Mr. Caulfield in Civil District Court in Orleans Parish. Plaintiff alleges in his petition that the defendant attorneys failed to effect service upon the M/V Tiffany and its proper owners and therefore he was denied his day in court. Mr. Abadie filed a peremptory exception of prescription on September 18, 1987, which plaintiff opposed. After a hearing on the matter, plaintiff's suit was dismissed as to Mr. Abadie after his exception of prescription was sustained by the trial court. Plaintiff now appeals.
As it is recognized by the parties that plaintiff's action is under tort, the applicable prescriptive period is governed by the one (1) year prescriptive period of La.Civ. Code art. 3492. The sole issue before us, then, is whether the malpractice action against Mr. Abadie has prescribed.
The law is well stated that prescription does not begin to run until plaintiff can state a cause of action. To state a cause of action in tort, plaintiff must be able to point to both a wrongful act or omission and resultant damages. The damage if any, necessarily follows the wrongful act; therefore, prescription runs from that point and not from the date of the wrongful act. Owens v. Martin, 449 So.2d 448 (La.1984); Succession of Davidson, 525 So.2d 15 (La.App.3d Cir.1988). We now must determine when plaintiff was damaged due to Mr. Abadie's alleged negligence.
Plaintiff contends the one year prescriptive period did not begin to run until August 8, 1986, the day after plaintiff was forced to settle his case for $5,000. He argues the damages he sustained did not occur until his maritime suit was dismissed from U.S. District Court and he was denied his day in court.
When Mr. Boone, plaintiff's first attorney, filed the original maritime complaint in U.S. District Court in March, 1983, he improperly named Revelle Shipping Agency as the owner of the M/V Tiffany. Revelle denied ownership of the vessel in their answer in response to plaintiff's complaint. Subsequently, Mr. Boone was dismissed and Mr. Abadie was hired as plaintiff's counsel in August, 1983. Arguably, as the new attorney, Mr. Abadie should have realized from a review of the case record and Revelle's answer that the M/V Tiffany and its proper owners were not served. Mr. Abadie continued to represent plaintiff in the maritime suit until his discharge in November, 1985. The reasons for his dismissal were unrelated to his failure to effect proper service on the vessel or its owners.
The damages sustained by plaintiff due to any alleged negligence on Mr. Abadie's part had to occur during the period in which Mr. Abadie represented plaintiff between August 10, 1983 and the date of his discharge in November, 1985.
It is apparent that plaintiff could not have brought the malpractice suit against Mr. Abadie until the attorney client relationship was severed. Under the doctrine of contra non valentem, prescription was suspended until that time. Malone v. Wright, 525 So.2d 13 (La.App.3d Cir.1988). Once plaintiff dismissed Mr. Abadie as his attorney in November, 1985, he was free to *896 bring a legal malpractice claim against him. Moreover, once Mr. Abadie was dismissed as plaintiff's counsel, he was unable to correct or remedy any mistake he may have made. Therefore, we conclude the one year prescriptive period began to run in November, 1985 at the time of Mr. Abadie's dismissal and that plaintiff had until November, 1986 to file the malpractice suit against him.
Plaintiff argues on appeal that prescription should start to run on August 8, 1986, because, prior to that time, he had no knowledge, actual or constructive, as to his rights to assert a claim against Mr. Abadie or of the defendant's alleged act of negligence until the case in U.S. District Court was dismissed.
This issue was addressed by the Louisiana Supreme Court in Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (La.1960), wherein the Court stated:
"... Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one's rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. * * * We know of no decison, either of controlling authority or persuasive, holding that mere ignorance on the part of the creditor will toll the statute."
Plaintiff has not alleged or shown fraud or concealment by Mr. Abadie. Under these circumstances plaintiff's lack of knowledge does not suspend the running of prescription. Wingate v. National Union Fire Insurance Company, 435 So.2d 594 (La.App.3d Cir.1983).
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's claim against Peter J. Abadie is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
I disagree with the majority's conclusion that Mr. Trijullo's damages were sustained in November, 1985 and on that date his cause of action accrued. The relevant date is the time when Mr. Trujillo learned that the true owners of the ship had never been served and he had no alternative but to accept a minimal settlement.
Elements of a negligence cause of action under C.C. Art. 2315 are fault, causation and damages. A cause of action does not accrue until damages are sustained. Owens v. Martin, 449 So.2d 448 (La.1984). Prescription does not begin to run until a plaintiff has knowledge of both the tort and the resultant damages, until a cause of action has manifested itself with sufficient certainty to be capable of proof in a court of law. Plaintiff's ignorance cannot be willful or result from his own negligence. Bellamy v. Janssen, 477 So.2d 928 (La. App. 4th Cir.1985), writ denied 484 So.2d 667 (La.1986). See also Henderson v. Diamond Datsun, Inc., 413 So.2d 542 (La.App. 4th Cir.1982).
Prescription does not run against a person who is ignorant of the existence of facts that would entitle him to bring suit (as long as such ignorance is not willful or results from his negligence). Langendorf v. Administrators of Tulane Education Fund, 361 So.2d 905 (La.App. 4th Cir.1978), writs denied 363 So.2d 1384 and 364 So.2d 120 (La.1978). The plaintiff need not have actual knowledge as long as he has constructive knowledge. Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5th Cir. 1985), writ denied 476 So.2d 347 (La.1985).
In his opposition to the prescription exception and on appeal, Mr. Trujillo persuasively argues that damages were not sustained until he was forced to settle and his federal case was dismissed on August 7, 1986. He claims he did not know that the ship owners had not been served until the day of trial, August 7, 1986.
Even if the cause of action accrued before the trial date, prescription would not *897 have run because the fourth element of the doctrine contra non valentem[1]where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendantwould apply. See Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). See also Minor v. Casten, 521 So.2d 465 (La.App. 4th Cir.1988).
The question then becomes when the plaintiff knew of his cause of action or would be deemed to know because he could have learned by reasonable diligence.
Mr. Abadie did not prove when Mr. Trujillo knew of the legal problem with the service of process. The burden of proof rests with the party pleading prescription. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973). Only if the plaintiff's cause of action has prescribed on the face of his petition does he bear the burden of proving facts to show interruption. Shushan, Meyer, Jackson, McPherson & Herzog v. Machella, 483 So.2d 1156 (La.App. 5th Cir.1986).
Mr. Abadie's memorandum merely asserts that the claims are prescribed on the face of the petition and had to be asserted within one year of his dismissal in November, 1985. Because the date of his dismissal does not begin the running of prescription, he bore the burden of proving his prescription claim. There was no testimony and the arguments of counsel were not transcribed and are not part of the record.
The exception of prescription should have been overruled.
NOTES
[1] The civilian doctrine is contra non valentem nulla currit praescriptio, which literally means that no prescription runs against a person unable to bring an action.