WATKINS, Judge.
This is an action for alleged legal malpractice brought by Richard S. Inge against St. Paul Fire and Marine Insurance Company arising out of the rendering of an allegedly incorrect title opinion by the law firm of Pittman & Matheny, Hammond, Louisiana. Originally Gilsbar, Inc. was named defendant, but St. Paul was substituted as defendant by amended petition and Gilsbar discharged as a party defendant without prejudice. Pittman & Matheny was never named a party defendant, nor was any individual member of that firm so named. St. Paul filed an exception of prescription, which the trial court sustained. We hold that the exception of prescription was properly sustained, or that plaintiffs petition failed to assert a cause of action, we taking cognizance of an exception of no cause of action on our own motion. LSA-C.C.P. art. 927.
The petition alleges that on May 1, 1973, Pittman & Matheny delivered an incorrect title opinion to Richard S. Inge, petitioner, which led petitioner to buy the property in question thinking the title was valid and merchantable, which it was not. The contract to undertake the preparation of the title opinion entered into on or about May 1, 1973, had tactily or explicitly called for (to quote the language of Inge’s petition) “a title opinion insuring the title” (emphasis ours).
Inge filed suit against Gilsbar on October 24, 1979. St. Paul was named defendant by amended petition filed January 17, 1980.
A suit for legal malpractice, by analogy to medical malpractice, is an action in tort, in the great majority of cases. Cf. Sciacca v. Polizzi, 403 So.2d 728 (La.1981). The suit is in contract only if there is a guarantee or a warranty of a particular *778 result by the attorney, Cherokee Restaurant, Inc., v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983), as (to quote Cherokee) “when an attorney expressly warrants a particular result, i.e., guarantees title to property....” We note that plaintiff Inge’s petition alleges that the law firm of Pittman & Matheny agreed to render a title opinion insuring title to the property.[1] Thus, it would appear that the action is one in contract, rather than one in tort. However, if the action is in tort, the one year liberative period applicable to actions in tort clearly applies. LSA-C.C. art. 3536.
If the action is an action in contract, on the other hand, we are met with the well-established principle of law that the Direct Act Statute (LSA-R.S. 22:655) permits an action to be brought directly against the insurer only if the potential liability is in tort. There is no direct action for breach of a contractual obligation by the insured. Gray & Company, Inc. v. Ranger Insurance Company, 292 So.2d 829 (La.App. 1st Cir.1974); Champion v. Panel Era Mfg. Co., 410 So.2d 1230 (La.App.3d Cir.1982), writ denied 414 So.2d 389 (1982). Thus, as plaintiff pursues his action directly against the insurer, his action is subject to an exception of no cause of action, which we supply, if we assume for purposes of discussion that plaintiff’s action is contract. LSA-C.C.P. art. 927.
In summary, if plaintiff’s action is in tort, it is subject to the one year prescriptive period for actions in tort. LSA-C.C. art. 3492. If the action is in contract, plaintiff fails to assert a cause of action, as a direct action does not lie against an insurer in contract for breach of a contractual obligation of the insurer.
The judgment of the trial court is accordingly affirmed, at plaintiff’s cost.
Affirmed.

. Wingate v. National Union Fire Ins. Co., 435 So.2d 594 (La.App. 3d Cir.1983), writ denied 440 So.2d 762 (1983), indicated an analogy to medical malpractice should not be drawn in legal malpractice suits, but that such a suit constituted both an action in contract and an action in tort.