486 So.2d 186 (1986)
RIDDICK & MILLER INVESTMENT COMPANY, INC.
v.
Mrs. Jasper DENICOLA.
Nancy Harris DENICOLA, et al.,
v.
Jessie E. JUBAN, III, et al.
Nos. 85-CA-0018, 85-CA-0019.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Rehearing Denied April 29, 1986.
Writ Denied June 20, 1986.
*187 Robert Leake, Baton Rouge, and Eric Pittman, Livingston, for Riddick & Miller Inv. Co. and Jesse Juban, et al.
Robert Morrison, Denham Springs, for James Nesom and Robert S. Mellon, et al.
J. Donald Cascio, Denham Springs, for Anitalyn Juban Cox.
R. Randall Roche, Baton Rouge, for Nancy H. Denicola, Vickie D. Christ and Suzanne D. Ponder.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
The Denicola plaintiffs appeal the dismissal of their malpractice action against their attorney and his law firm on an exception of prescription. We reverse and remand.
Plaintiffs seek recovery based on Robert S. Mellon's alleged negligent preparation of an act of sale by which they purchased immovable property in 1971. This malpractice suit was filed January 11, 1984. Thus at first blush the action appears to have prescribed, whether the applicable prescriptive period be the one year of tort, see LSA-C.C. art. 3492, or the ten years of contract, see id. art. 3499. However, despite the fact that the alleged negligence occurred in 1971, plaintiffs discovered it only after a suit for a TRO was filed against them on October 7, 1983. Until then, plaintiffs had no reason to question the act of sale. Consequently, whether plaintiffs' claim has prescribed depends upon when prescription began to run.
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LSA-C.C. art. 3492. "Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period." Rayne State Bank & Trust Co. v. National Union Fire Insurance Co., 483 So.2d 987, 995 (La. 1986). In Rayne, the court held that prescription on a claim for legal malpractice against an attorney who prepared allegedly defective mortgages did not begin to run until the validity of the mortgages was attacked in court. Noting that prescription does not begin to run until a cause of action has accrued, the court reasoned that the element of damages was not present until the validity of the mortgages was attacked.[1]
Plaintiffs did not sustain damages until suit was filed against them in October 1983. Until that time they would not have been able to state a cause of action, that is, both a wrongful act and resultant damages, see Rayne State Bank & Trust Co., at 995, and consequently prescription could not begin to run until then. Their malpractice suit, filed in January 1984, was clearly filed within one year thereafter, and is therefore timely.[2] The judgment of the trial court maintaining the exception of prescription is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LANIER, J., concurs in the results.
NOTES
[1] Until the Supreme Court's decision in Rayne, discovery of the alleged malpractice commenced the running of prescription. See, e.g., Cherokee Restaurant, Inc., v. Pierson, 428 So.2d 995, 999 (La.App. 1st Cir.1983) (en banc). In Cherokee Restaurant, the plaintiff discovered the malpractice when a suit was filed against it to have a lease (which had been prepared by the defendant attorney) declared invalid. Thus discovery and damages were simultaneous. In Rayne, however, the plaintiff was put on notice that the mortgages were defective before suit was filed to have them declared invalid.

In the instant case, as in Cherokee Restaurant, plaintiffs discovered the alleged malpractice by the very fact that a suit was filed against them. Thus discovery and damages were simultaneous, and the date of the commencement of prescription would be the same, whether counting begins from the day of discovery or the day damages were sustained.
[2] Under Cherokee Restaurant, plaintiffs' action is in tort, but because it is timely under the shorter prescriptive period, we need go no further for purposes of this exception of prescription.