488 So.2d 736 (1986)
Stephen R. GIFFORD, et ux, Plaintiffs-Appellants,
v.
NEW ENGLAND REINSURANCE CORPORATION, et al., Defendant-Appellee.
No. 17,735-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*737 Rogers M. Prestridge, Bossier City, for plaintiffs-appellants.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Samuel W. Caverlee, Shreveport, for defendant-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Chief Judge.
Plaintiffs, Stephen R. Gifford and Sharon E. Gifford, appeal from the judgment of the trial court in favor of the defendant-attorney and his professional liability insurer, National Union Fire Insurance Company of Pittsburgh, Pa., dismissing plaintiffs' suit upon a finding that plaintiffs' action for damages as a result of legal malpractice had prescribed. For the reasons expressed herein, we affirm the judgment of the trial court.
ISSUE ON APPEAL
The sole issue before this court on appeal is whether this attorney malpractice action is grounded in tort or in contract for the purpose of determining the applicable prescriptive period.
FACTS
The pertinent facts of the case are undisputed by the parties. In August, 1982, plaintiffs secured a loan from Aulds, Horne and White Investment Corporation (hereinafter referred to as Aulds, Horne and White) in order to purchase a newly constructed home from Joseph C. Whittington Builder, Inc. (hereinafter referred to as Whittington). A representative of Aulds, Horne and White referred plaintiffs to the defendant-attorney as an attorney who was acceptable to the corporation for the closing of the loan and set up the appointment for them. Plaintiffs had little contact with the attorney until they went to his office on August 13, 1982 for the loan closing. At the closing, the property was deeded to the plaintiffs by Whittington and a mortgage was executed in favor of Aulds, Horne and White. Plaintiffs believed that the attorney was representing them as their attorney at the closing. Plaintiffs paid an attorney's fee and a premium plus a lien fee for the purchase of the title insurance as part of the closing costs. However, the title insurance protected the mortgagee, not the plaintiffs. At the closing, plaintiffs were not informed by the attorney that he represented Aulds, Horne and White or that the title insurance policy would not provide for their protection. Plaintiffs assumed they were purchasing title insurance for their protection since they paid the premium for title insurance as part of the closing costs. The attorney felt that there was no attorney-client relationship between him and the plaintiffs and that his primary responsibility was to Aulds, Horne and White. Although the closing was transacted within the statutory sixty day lien period following the completion of the home, the attorney did not require the builder to execute a lien affidavit nor did he inform the plaintiffs of any possibility of liens being filed against the home within the lien period. Further, the attorney did not discuss the title examination nor the availability of owner's title insurance with the plaintiffs.
Shortly following the closing, a materialman's lien and privilege was filed against the plaintiffs' home by Builders Supply Company, Inc. on September 27, 1982. On November 24, 1982, Builders Supply Company, Inc., filed a suit for the recognition and enforcement of the lien, naming Whittington *738 and the plaintiffs as defendants. On January 11, 1983, plaintiffs filed an answer and third party demand. Plaintiffs named as third party defendants Whittington, Aulds, Horne and White, and U.S. Title Life Insurance Company, and generally alleged that these defendants knew or should have known of the outstanding indebtedness existing on the property and the possibility of liens being filed against it but failed to so advise the plaintiffs.
Plaintiffs filed the instant action for legal malpractice on August 10, 1984. Defendants filed a motion for summary judgment alleging that plaintiffs' claim had prescribed, which motion was sustained by the trial court. After reviewing the established facts, the trial court noted that the plaintiffs and the attorney never established an attorney-client relationship and that the attorney's fee paid by plaintiffs was simply a routine closing cost. The attorney was not retained by plaintiffs to render a title opinion. The trial court found that based upon the jurisprudence, plaintiffs' action was grounded in tort and therefore subject to a one year prescriptive period. The court held that plaintiffs were aware of the circumstances upon which their claim was based at the latest on the date they filed their third party demand, January 11, 1983. Thus, plaintiffs' claim prescribed because more than one year elapsed before the instant action was commenced.
CONTENTIONS OF THE PARTIES
Plaintiffs argue that they contracted with defendant as a loan closing attorney to close the loan, which contract included implied obligations on the part of defendant to properly perform certain tasks including examination of title, preparation of documents, obtaining title insurance, and advising plaintiffs of any encumbrances or possible encumbrances. It is argued that a contractual attorney-client relationship existed and that plaintiffs' claims arise out of that contractual relationship. Plaintiffs contend that the defendant breached his contractual obligations by not advising them of the possibility of liens being filed, by not advising of his representation of the mortgage company, and by failing to provide a title insurance policy which protected them from loss. Accordingly, the plaintiffs argue, their action is in contract and is governed by ten year prescription.
Defendants argue that there was no attorney-client relationship between plaintiffs and the attorney, no obligations or duty owed by the attorney to the plaintiffs, and, in any event, plaintiffs' claim is delictual in nature and governed by one year prescription.
APPLICABLE LEGAL PRINCIPLES
An action for legal malpractice normally states a cause of action in tort and is subject to the one year prescriptive period provided by LSA-C.C. Art. 3492 (formerly LSA-C.C. Art. 3536). It is only where the attorney expressly warrants a specific result and fails to obtain that result, or agrees to perform certain work and does nothing whatsoever, that the cause of action is in contract and subject to the ten year prescriptive period provided by LSA-C.C. Art. 3499 (formerly LSA-C.C. Art. 3544). Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983); Knighten v. Knighten, 447 So.2d 534 (La. App. 2d Cir.1984), writ denied, 448 So.2d 1303 (La.1984); Rayne State Bank v. National Union Fire Ins. Co., 469 So.2d 409 (La.App. 3d Cir.1985), writ granted, 475 So.2d 346 (La.1985), reversed in part on other grounds, Rayne State Bank & Trust v. Nat. U. Fire Ins., 483 So.2d 987 (La. 1986), and Elzy v. ABC Ins. Co., 472 So.2d 205 (La.App. 4th Cir.1985), writ denied, 475 So.2d 361 (La.1985).
This rule applicable to actions for legal malpractice was developed by analogy to the rule applicable to actions for medical malpractice enunciated in Sciacca v. Polizzi, 403 So.2d 728 (La.1981), which held that when a patient is injured by the negligence of his physician his action is in tort unless the physician has contracted for a specific cure or result. As noted in Sciacca, there is a legal duty upon and an implied agreement by the physician to treat the patient properly. A breach of this duty constitutes *739 a tort and a malpractice action is tortious in nature whether the duty grows out of a contractual relation or has no origin in contract.
Likewise, an attorney is obligated to exercise that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (La. 1972). A breach of that duty gives rise to an action in tort, governed by one year prescription, even though there is a contractual relationship between attorney and client which includes implied obligations to properly perform certain services.
APPLICABLE PRESCRIPTIVE PERIOD
For the purpose of deciding the prescription issue presented by the instant case, we can assume, without expressly deciding, that there was a contractual attorney-client relationship between the defendant-attorney and the plaintiffs, and that the defendant negligently breached his legal duty and his implied obligations under the contract, particularly in failing to take appropriate precautions to protect plaintiffs from the risk of liens being filed within the statutory lien period or at least advising plaintiffs of that possibility. Nevertheless, absent allegations that the defendant-attorney expressly warranted a particular result or expressly agreed to provide title insurance for plaintiffs' protection or expressly guaranteed clear title to the property, none of which is alleged or contended by the plaintiffs, plaintiffs' action is delictual in nature and is governed by one year prescription under the now well-established rule set forth earlier in this opinion.
The one year prescription commenced when plaintiffs became aware of the alleged negligent acts or omissions of the defendant-attorney and of the fact that they would sustain damage or loss by reason thereof. See Rayne State Bank & Trust v. Nat. U. Fire Ins., 483 So.2d 987 (La.1986). The one year period commenced no later than January 11, 1983 when plaintiffs, after being named as defendants in a suit to enforce a lien, filed a third party demand against the builder, mortgage company, and title insurance company. The present action against the defendant-attorney was not filed until August 10, 1984, more than one year later, and is therefore barred by prescription.
DECREE
For the reasons assigned the judgment of the district court is affirmed at the cost of the plaintiffs-appellants.
AFFIRMED.