491 So.2d 60 (1986)
Reid P. ALLAIN
v.
FIRST GUARANTY BANK, et al.
No. CA 85 0480.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Writ Denied October 10, 1986.
John V. Seago, M.J. LeGardeur, Jr., Covington, for plaintiff-appellee.
Alton B. Lewis, Jr., Hammond, Edward H. Bergin and Harry S. Hardin, III, New Orleans, for defendant-appellant, First Guar. Bank.
Hervin A. Guidry and A. Justin Ourso, New Orleans, for Appalachian Ins. Co. and Pittman, Matheny & Moody.
*61 Rodney Cashe, Hammond, for Florida Parishes Homestead.
James Kuhn, Denham Springs, Tom H. Matheny, Mack McCraney, Hammond, for Charles and Joyce Andrews.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
First Guaranty Bank of Hammond (First Guaranty) appeals, as third-party plaintiff, a judgment sustaining third-party defendants' peremptory exception of prescription.

BACKGROUND
In a prior judicial proceeding in July, 1974, First Guaranty brought an executory proceeding against Reid Allain and his wife seeking to have certain immovable property belonging to the Allains seized and sold. The property was sold with benefit of appraisal at a sheriff's sale on December 4, 1974. First Guaranty purchased the property and later sold it to Charles and Joyce Andrews.
First Guaranty then filed for a deficiency judgment against the Allains. The Allains defended contending that there were defects in the executory process. All legal work relating to the executory process was performed by the law firm of Pittman, Matheny and Moody (Pittman, Matheny). After trial, the trial court denied the request for a deficiency judgment.

INSTANT SUIT
In May, 1980, Mr. Allain, plaintiff, filed suit against defendant, First Guaranty, seeking damages for wrongful seizure of the property. Mr. Allain subsequently amended his petition, naming additional defendants and further seeking a return of the property or its value and attorney's fees. There were a number of incidental actions during 1983 and 1984.
On July 16, 1984, First Guaranty filed a third-party demand against Pittman, Matheny and their legal malpractice insurer, Appalachian Insurance Company (Appalachian). First Guaranty sought to recover from Pittman, Matheny and Appalachian, as third-party defendants, any amounts that it may be held liable for on the main demand or any third-party demand in which it is named a third-party defendant.
Several months later, on October 16, 1984, Pittman, Matheny and Appalachian filed a peremptory exception of prescription against First Guaranty. The trial court sustained the exception of prescription holding that First Guaranty's action against Pittman, Matheny and Appalachian was one in legal malpractice and that a one-year prescriptive period applied. The trial court further held that prescription commenced to run from the filing of the May, 1980, suit against First Guaranty. It is from this ruling that First Guaranty appealed, contending that the third-party demand is an action in indemnity and therefore subject to a ten-year prescriptive period. It also contends that, even if the action is one in legal malpractice, it has not prescribed.[1] We disagree.
In Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995, 998 (La.App. 1st Cir. 1983), writ denied, 431 So.2d 773 (La.1983), this court, sitting en banc, stated:
[W]e no longer see any reason to differentiate between medical malpractice and legal malpractice. Conceptually, the action for legal malpractice is no different than the action for medical malpractice. Both entail a deviation from the accepted standard of care of the profession. Although the attorneyclient relationship gives rise to an implied warranty of the attorney to use his best professional skill and judgment, this duty is legal rather than contractual in nature, and a breach of this duty amounts to a tort.
*62 (Citations omitted.)
Concerning the applicable prescriptive period, we held:
A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ.Code art. 3536. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ.Code art. 3544 would apply. Cherokee, 428 So.2d at 999.
Moreover, in Inge v. St. Paul Fire and Marine Insurance Co., 457 So.2d 776 (La. App. 1st Cir.1984), reversed on other grounds, 460 So.2d 1038 (La.1984), this court stated that a suit for legal malpractice is an action in tort in the great majority of the cases.
Recently, in Rayne State Bank & Trust v. National Union Fire Insurance Co., et al., 483 So.2d 987, 995 (La.1986), the Louisiana Supreme Court stated:
In Louisiana prescription does not begin to run until damage is sustained. The tort prescription provisions in former C.C. 3537 were reenacted without substantive change in 1984 as C.C. 3492. C.C. 3537 provided that the one year prescriptive period for delictual actions runs "from [the day] on which the injurious words, disturbance, or damage were sustained."
Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of actionboth a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act. Thus, until damage was "sustained" by the bank, it had no cause of action, and prescription did not commence to run on the date the bank received notice of possible fatal defects in the mortgages.
(Citations omitted.)
However, it is not necessary that a loss should have already been suffered in order to serve as the basis for the damage claim; it is sufficient for the plaintiff to show that a loss is going to be suffered or is sure to result. Rayne, 483 So.2d at 996. In Rayne, the court held that prescription on a bank's legal malpractice action against an attorney commenced when a bankruptcy suit in which the bank was forced to defend was filed. The court was of the opinion that damage was sustained by the bank when the bankruptcy suit was filed.
Therefore, in light of the above jurisprudence, we find that the trial court did not err in holding that First Guaranty's third-party demand was an action in legal malpractice and that the applicable one-year prescriptive period commenced when the original suit was filed against First Guaranty.
There is no evidence of any warranty for specific results or inaction on the part of Pittman, Matheny. The action is clearly not an action in indemnity, but an action in legal malpractice filed by a client against its attorneys for the alleged negligent handling of legal matters.
Thus, the prescription commenced when First Guaranty was sued since at that point it was forewarned that if plaintiff prevailed, First Guaranty would suffer a loss. It was at this point that First Guaranty sustained damage. Since, in the present case, First Guaranty did not file its third-party demand against Pittman, Matheny and Appalachian until four years after it was sued, we hold that First Guaranty's claim has prescribed.
Therefore, for the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be borne by appellant, First Guaranty Bank of Hammond.
AFFIRMED.
NOTES
[1] We note that both First Guaranty and Pittman, Matheny urged a peremptory exception of prescription against the plaintiff in the instant suit in their supplemental briefs. We will not consider this issue as it is not properly before this court. See Toledo Bend Proprietors v. Sabine River Authority of Louisiana, 395 So.2d 429 (La. App. 3rd Cir.1981), writ refused, 400 So.2d 903 (La.1981).