CARTER, Judge.
This is an appeal from a trial court judgment dismissing a legal malpractice claim on a peremptory exception pleading the objection of prescription.
FACTS
On March 4, 1982, Luther C. Bolton, the major son of plaintiffs, Luther G. Bolton and Nancy P. Bolton, was killed in an offshore accident when an allegedly defective loading hook broke and dropped a load of pipe on him. On June 15, 1982, Maria Stephenson[1] filed suit on behalf of plaintiffs in the United States District Court, Eastern District of Louisiana under Docket No. 82-2493, which was voluntarily dismissed on July 11, 1983. Stephenson then forwarded the file to plaintiffs’ Mississippi counsel and no longer represented plaintiffs. Thereafter, on December 19, 1983, plaintiffs’ Mississippi counsel filed suit for the wrongful death of plaintiffs’ son in the United States District Court, Southern District of Mississippi under Docket No. H83-0339(B). By judgment and order, dated June 3, 1985, plaintiffs’ suit was dismissed on the basis that the suit had prescribed. This information was communicated to plaintiffs by letter dated June 19, 1985, from their Mississippi counsel. Plaintiffs were notified on May 28, 1986, that the U.S. Fifth Circuit Court of Appeals had denied their petition for rehearing on the issue of prescription.
On April 3, 1987, plaintiffs instituted the instant suit for legal malpractice against defendants, Maria Stephenson and New England Insurance Company, Stephenson’s legal malpractice insurer,[2] which was met with a peremptory exception pleading the objection of prescription. By judgment dated November 13, 1987, the trial court maintained defendants’ exception pleading the objection of prescription and dismissed plaintiffs’ suit with prejudice.
From this adverse judgment, plaintiffs appeal, assigning the following errors:
1. The trial court erred in ruling on the exception of prescription without reading plaintiffs’ brief.
2. The trial court totally failed to consider the issues presented by the plaintiffs when it ruled specifically on the issue of prematurity and the damages sustained by the plaintiffs.
3. The trial court failed to consider the clearly applicable doctrine of contra non valentem in granting said exception.
ASSIGNMENTS OF ERROR NOS. 1 & 2
(Prescription)
In these assignments of error, plaintiffs contend that the trial judge erred in finding that their suit for legal malpractice had prescribed. Plaintiffs reason that until the Fifth Circuit Court of Appeal ruled on the issue of prescription, any action for legal malpractice would have been premature. In support of their position, plain *137 tiffs rely on Marchand v. Miazza, 151 So.2d 372 (La.App. 4th Cir.1963).
In Marchand v. Miazza, supra, the plaintiff had four suits pending, attempting to enforce the rights she claimed had been lost as a result of the defendants alleged malpractice. The court determined that until it was established that the defendants had wrongfully permitted plaintiff to sustain a loss, no damage could be shown. The trial judge determined, and the appellate court affirmed, that suit for malpractice filed prior to the time plaintiff sustains damage is premature.
The instant case involves the issue of prescription, as opposed to prematurity. Clearly, Marchand v. Miazza, supra is readily distinguishable from the instant case.
In Malone v. Wright, 525 So.2d 13 (La.App. 3rd Cir.1988), our brethren of the Third Circuit set forth the law with regard to prescription in a legal malpractice action as follows:
It is axiomatic that prescription does not begin to run until plaintiff can state a cause of action. To state a cause of action in tort, plaintiff must be able to point to both a wrongful act or omission and resultant damages. The damage, if any, necessarily follows the wrongful act; therefore, prescription runs from that point and not from the date of the wrongful act. Rayne State Bank & Trust [v. National Union Fire Ins. Co.] 483 So.2d [987] at 995 [(La.1986)]; Owens v. Martin, 449 So.2d 448 (La.1984). We are called upon to determine when plaintiff was damaged. Recent jurisprudence augments our task.
In Rayne State Bank & Trust, 483 So.2d at 996, the Supreme Court found that the bank was damaged when it was forced to defend the validity of a mortgage: “Although the full extent of the damage was not yet known at that time, the fact that some damage would occur was known, since the bank had to defend against the attack.” The Court reasoned that regardless of the actual validity or invalidity of the mortgage, damage was sustained because the bank was forced to defend the attack. In other words, damage occurred when the rights of the bank were attacked in the adversary proceedings.
Following Rayne State Bank & Trust, we have held that prescription begins to run upon attack through adversary proceedings. In Olivier v. National Union Fire Ins. Co., 499 So.2d 1330, 1335 (La.App. 3d Cir.1986), we found that the plaintiffs thus were put on notice of the possible defects in an act of surrender when the natural mother filed an exception of no cause of action in the adoption proceedings, therein asserting the invalidity of the act of surrender. “It was at this time that the Olivers (sic) [plaintiffs in the subsequent legal malpractice suit] discovered or should have discovered the existence of facts that would have enabled them to bring suit against Gibbs [a defendant].” Thus prescription commenced when the exception was filed.
The First and Second Circuits have relied on the same rationale in several cases. See Riddick & Miller Investment Co. Inc. v. Denicola, 486 So.2d 186, 187 (La.App. 1st Cir.), writ denied, 489 So.2d 1275 (La.1986); Gifford v. New England Reinsurance Corporation, 488 So.2d 736, 739 (La.App. 2d Cir.1986); Allain v. First Guaranty Bank, 491 So.2d 60, 62 (La.App. 1st Cir.), writ denied, 494 So.2d 1179 (La.1986). [525 So.2d at 14-15]
In the instant case, we find that the prescriptive period on the legal malpractice action began to run no later than June 19, 1985 (although possibly before), when plaintiffs’ Mississippi counsel communicated to plaintiffs that the action instituted in Mississippi had prescribed. It was at that point that plaintiffs knew or should have known the existence of facts that would have enabled them to state a cause of action for legal malpractice against defendants. Therefore, plaintiffs had until June 19, 1986, to institute suit against defendants. As suit was not filed until April 3, 1987, plaintiffs’ suit clearly prescribed.
ASSIGNMENT OF ERROR NO. 3
(Doctrine of Contra Non Valentem)
Plaintiffs contend that the trial court erred in failing to apply the doctrine *138 of contra non valentem. Plaintiffs reason that, because their Mississippi counsel, Norris and Deakle, continued to pursue plaintiffs’ claim after Stephenson returned the file and ceased her representation of plaintiffs, the doctrine of contra non va-lentem suspended the running of prescription. Plaintiffs reason that prescription remained suspended until plaintiffs received correspondence in May of 1986, that the federal action in Mississippi had been dismissed on the basis of prescription and that the Fifth Circuit had denied the petition for rehearing.
In the instant case, the doctrine of contra non valentem is clearly inapplicable.[3] Defendant Stephenson ceased representing plaintiffs in November of 1983. Plaintiffs were notified, at least, by June of 1985, that their suit for wrongful death had been dismissed because it had prescribed. Nothing prevented plaintiffs from pursuing their claim for legal malpractice. As such, the doctrine of contra non valentem is inapplicable.
CONCLUSION
For the above reasons, the judgment of the trial court, maintaining defendants' exception pleading the objection of prescription is affirmed. Plaintiffs are cast for all costs.
AFFIRMED.
LANIER, J., concurs.

. Plaintiffs retained the services of John M. Dea-kle, a Mississippi attorney, to pursue their claim for the wrongful death of their son. Deakle associated another Mississippi attorney, Larry O. Norris, to assist him with the case. Norris then associated the Louisiana firm of Bryan, Nelson, Allen and Schroeder. Stephenson is an associate in the Louisiana firm.

. In the instant case, plaintiffs filed their suit for legal malpractice only against Stephenson and her insurer. Neither Mississippi attorney was named as a party defendant, and any allegations of malpractice allegedly committed by the Mississippi attorneys are not before this court.

. For a thorough discussion of the doctrine of contra non valentem, see Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979). For a discussion of the doctrine specifically applied to an action for legal malpractice, see Olivier v. National Union Fire Insurance Company Of Pittsburgh, PA, 499 So.2d 1330 (La.App. 3rd Cir.1986) and Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5th Cir.1985), writ denied, 476 So.2d 347 (La.1985).