563 So.2d 1227 (1990)
Steve P. OLIVIER and Deborah B. Olivier
v.
Robin POIRIER.
No. CA 89 0719.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
*1228 Estelle E. Mahoney, Louis J. St. Martin, Houma, for plaintiffs-appellants, Steve P. Olivier, et al.
Joe Schittone, and José Romanach, Baton Rouge, for defendants-appellees, Robin Poirier and New England Ins.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs, Steve P. Olivier and Deborah B. Olivier, appeal the trial court judgment dismissing their legal malpractice suit against Robin Poirier on the peremptory exception of prescription.
On October 28, 1983, Steve P. Olivier was involved in an offshore accident. At the time of the accident, Steve Olivier was an employee of McDermott, Inc., and a crewmember of a derrick barge owned and operated by McDermott. While unloading a drilling rig, owned by Dual Drilling Company, onto a fixed offshore platform, owned by Exxon Corporation, a component part of the drilling rig broke off and struck Mr. Olivier. It is alleged that Mr. Poirier was consulted in September of 1984 concerning plaintiffs' personal injury claims. It was also alleged that Mr. Poirier advised plaintiffs that the applicable prescriptive period was three years (under the Jones Act, 46 U.S.C. App. § 688, 45 U.S.C. § 56). No lawsuit was filed on plaintiffs' behalf by Mr. Poirier. Steve Olivier was unable to recall exactly when he consulted with his subsequent counsel, Louis J. St. Martin, but stated it was approximately May or June of 1985. Mr. St. Martin advised plaintiff that the advice Mr. Poirier had given was incorrect. Thereafter, on June 14, 1985, Mr. St. Martin instituted suit on plaintiffs' behalf against McDermott and Dual Drilling Company. Further, it is alleged that a motion for summary judgment was filed in that lawsuit seeking dismissal of plaintiffs' claims on the basis of prescription, and that the lawsuit was dismissed on that basis.
On June 24, 1986, the instant lawsuit was filed. On July 12, 1988, Mr. Poirier and his insurer, New England Insurance Company, filed an exception of prescription, which the court sustained. From the trial court's judgment dismissing their suit, plaintiffs have appealed.
At issue on appeal, is the date from which prescription began to run on the malpractice action. Louisiana Civil Code article 3492 provides:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
However, prescription does not run against one who is ignorant of facts upon which his cause of action is based, as long as his ignorance is not willful, negligent, or unreasonable. Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987); Griffin v. Kinberger, 507 So.2d 821 (La.1987); Young *1229 v. Clement, 367 So.2d 828 (La.1979). Further, in Rayne State Bank and Trust Co. v. National Union Fire Ins. Co., 483 So.2d 987 (La.1986), the supreme court held that:
Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of actionboth a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act.
Plaintiffs contend that they sustained no damage until prescription was raised as a defense to the personal injury action by way of the motion for summary judgment filed May 29, 1986. Thus, plaintiffs argue their malpractice action did not prescribe until May 29, 1987. Defendant argues that the damage was sustained on the date the original personal injury action prescribed, October 28, 1984. Since plaintiffs received notice of the damage at a later date (approximately June of 1985), defendant argues that the one year prescriptive period commenced on the date of notice.
The one year prescriptive period commences to run from the date the injured party knew or should have known the existence of facts that would have enabled him to state a cause of action for legal malpractice against the defendant. Bolton v. New England Ins. Co., 542 So.2d 135 (La.App. 1st Cir.), writ denied, 546 So.2d 1214 (1989); Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.), writ denied, 431 So.2d 773 (1983). We have previously held that it is not necessary that a loss should have already been suffered in order to serve as the basis for the damage claim; it is sufficient for the plaintiff to show that a loss is going to be suffered or is sure to result. Allain v. First Guaranty Bank, 491 So.2d 60 (La. App. 1st Cir.), writ denied, 494 So.2d 1179 (1986). It is apparent that where the malpractice complained of involves prescription of a claim, the certainty of damage to a plaintiff is not as speculative as in Rayne, where the negligence involves a defect in a legal document. Were we to adopt plaintiffs' position that he sustained no damage until prescription was pled on the underlying claim, we would be imposing on such a claimant the affirmative duty to file suit on a prescribed cause of action prior to pursuing his malpractice claim. Since a plaintiff's loss is sufficiently susceptible of proof on the date his underlying action prescribes, prescription on his malpractice claim begins to run either on that date or on the date he receives notice enabling discovery of the malpractice, whichever occurs later.
In the case sub judice, plaintiffs' personal injury action prescribed on October 28, 1984. The trial court found that he had notice of this fact on June 14, 1985, at the latest. We find no error in the reasons for judgment of the trial court; we adopt them as our own and append them hereto. Therefore, plaintiffs' malpractice suit filed on June 24, 1986, was prescribed.
For the reasons assigned herein, the judgment of the trial court dismissing plaintiffs' suit is affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.
CARTER, J., concurs in the result.

APPENDIX

Number 303,352Division "K"

19th Judicial District Court

Parish of East Baton Rouge

State of Louisiana

Steve P. Olivier, et al.

Versus

Robin Poirier
ORAL REASONS FOR JUDGMENT RENDERED FRIDAY, DECEMBER 16, 1988

THE HONORABLE CARL A. GUIDRY, JUDGE PRESIDING
WELL, THE COURT HAS BEEN INFORMED THAT THE OTHER SIDE THEY SUBMITTED AN ADDITIONAL BRIEF, BUT THEY WAIVED THEIR APPEARANCE, *1230 AND WE HELD THIS MATTER OPEN AFTER WE HAD THE FIRST ROUND WITH THE PRESCRIPTION HEARING SINCE THERE WAS SOME CONTENTION AS TO WHEN THE PLAINTIFF WAS MADE AWARE THAT THE FIRST LAWYER HAD DONE SOMETHING WRONG. IT WAS CLEAR FROM HIS DEPOSITION THAT HE WAS TOLDFROM HIS DEPOSITION THAT HE WAS AWARE SOMETIME EARLY IN JUNE, AT THE LATEST JUNE 14th. THERE WAS A CONTRACT BETWEEN HIM AND HIS PRESENT ATTORNEY, I THINK, DATED JUNE THE 5TH AND HE SAID HE WAS TOLD EARLY ON ABOUT THE PROBLEM WITH PRESCRIPTION.
BUT I HELD IT OPEN, THERE WAS SOME ARGUMENT ABOUT THAT, IT MIGHT OF BEEN A LATER DATE AND I HELD THE MATTER OPEN FOR TESTIMONY TO BRING THE ATTORNEY DOWN HERE AND PUT OF RECORD, BUT THEY WAIVED AND DON'T WANT TO PRESENT ANYTHING FURTHER ABOUT THE MATTER. I THINK IT'S CLEAR TO THE COURT THAT THE DAMAGE, YOU LOOK AT THE RAYNE STATE CASE, THE DAMAGE TOOK PLACE WHEN THE MATTER PRESCRIBED, THAT'S THE ONLY REASONABLE AND INTELLIGENT DECISION THAT YOU MAKE IN A CASE OF THIS NATURE, THAT HE WAS DAMAGED WHEN THAT CLAIM PRESCRIBED.
OUR LAW PROVIDES FOR ADDITIONAL TIME TO A PERSON THAT'S GOT SOME BAD ADVICE UNTIL HE KNOWS OR SHOULD KNOW THAT HE'S HAD BAD ADVICE AND BEEN DAMAGED, THE DAMAGE HAS ALREADY OCCURRED IN THIS CASE, HE'S GOT A YEAR FROM THAT POINT IN TIME AND THIS CASE IS AT THE LATEST THAT HE COULD HAVE FILED SUIT, IN MY OPINION, WHICH WAS JUNE THE 14th, 1986 AND IT WAS SOME TEN DAYS THEREAFTER.
THE MATTER, IN THE OPINION OF THE COURT, IS PRESCRIBED AND I'LL SIGN JUDGMENT ACCORDINGLY.