**CITY OF PLAQUEMINE, LOUISIANA**

v.

**Wallace Edward BRAND.**

**Civ. A. No. 90–760–B.**

United States District Court,
M.D. Louisiana.

Nov. 29, 1990.

Michael R. Fontham, Laurie B. Halpern, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., L. Phillip Canova, Jr., Plaquemine, La., for plaintiff.

Donald S. Zuber, Seale, Smith & Barnette, Baton Rouge, La., for defendant.

RULING ON DEFENDANT'S
MOTION TO DISMISS

POLOZOLA, District Judge.

This matter is before the Court to determine whether the suit filed by the City of Plaquemine against its former attorney for legal malpractice is premature. The facts of the case are not in dispute.

Wallace Edward Brand (Brand) was engaged by the City of Plaquemine, Louisiana (Plaquemine), to render legal advise and services to the city for a variety of matters. During the course of representing the City of Plaquemine, Brand negotiated and drafted an electrical power supply contract between the city and Pioneer Chlor Alkali Company (Pioneer). Subsequently, a billing dispute arose between Pioneer and Plaquemine. The City of Plaquemine filed suit against Pioneer in the Eighteen Judicial District Court for the Parish of Iberville for a breach of contract.

Plaquemine also filed a separate suit in state court against Brand alleging attorney malpractice in connection with the drafting of the contract. Brand, a citizen of Virginia, properly and timely removed the suit to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(a).[1]

The defendant has now filed a motion to dismiss pursuant to Rule 12(b)(6) of the

---

1. The Court must apply Louisiana law when its subject matter jurisdiction is based on diversity of citizenship. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Federal Rules of Civil Procedure. Basically, the defendant contends that the plaintiff fails to state a claim upon which relief can be granted because this action is premature. Brand argues that until the breach of contract litigation has been resolved in the state court, it cannot be determined whether he is liable to the plaintiff in the malpractice action. Brand further contends that only after a final judgment is rendered in the state court contract action will the parties know whether Brand's involvement with the contract was responsible for any damages sustained by Plaquemine.

In response to the defendant's motion, the plaintiff argues that the suit is timely because the prescriptive period has begun to run on the malpractice action. Plaquemine relies on *Rayne State Bank & Trust Co. v. National Union Fire Insurance Co.*[2] to support its argument.

The plaintiff acknowledges that the primary purpose for filing this legal malpractice action at this time is to avoid any prescription problems in its suit against Brand. In both its complaint and memorandum in opposition to the motion to dismiss, the plaintiff requests that the Court stay this action until the state court suit is resolved.

The Louisiana courts have consistently held that attorney malpractice is a delictual action which is subject to a one year liberative prescription period under Article 3492 of the Louisiana Civil Code, which provides that "prescription commences to run from the day injury or damage is sustained."[3] Therefore, to properly decide the defendant's motion to dismiss, the Court must determine whether an injury or damage has been sustained by the plaintiff due to the attorney's malpractice such that prescription would start to run on this claim.

As noted earlier, the plaintiff relies on *Rayne* to support its position. In that case, the Louisiana Supreme Court found that a bank was damaged due to the invalidity of a chattel mortgage drafted by its attorney. The bank had attempted to foreclose on the mortgage even though it knew the mortgage was defective. Subsequently, the debtors filed for bankruptcy and filed an adversary proceeding to invalidate the mortgage. The court held that the prescriptive period began to run when the adversary proceeding was commenced to invalidate the mortgage. The court explained that:

> Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of action—both a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act.[4]

While this Court does not dispute the legal principles set forth by the Louisiana Supreme Court in *Rayne*,[5] the facts of the present action lead to a different result. In *Rayne*, the sole issue before the court, at the time the adversary proceeding was filed, was the validity of the chattel mortgage. The validity of the mortgage was directly linked to whether the attorney who prepared it did so negligently. Therefore, the court held that damage had been sustained by the bank once the adversary proceeding was filed directly attacking the validity of the mortgage.

---

**2.** 483 So.2d 987 (La.1986).

**3.** *Rayne,* 483 So.2d at 995; *Allain v. First Guaranty Bank,* 491 So.2d 60, 61 (La.App. 1st Cir.), *writ denied,* 494 So.2d 1179 (La.1986); *Cherokee Restaurant, Inc. v. Pierson,* 428 So.2d 995, 998 (La.App. 1st Cir.), *writ denied,* 431 So.2d 773 (La.1983); *Martinez v. Reed,* 683 F.Supp. 571, 574 (E.D.La.1988).

**4.** *Rayne,* 483 So.2d at 995 (citing *Owens v. Martin,* 449 So.2d 448 (La.1984)); *see Malone v.*

*Wright,* 525 So.2d 13, 14–15 (La.App. 3d Cir. 1988).

**5.** *But see Newsom v. Boothe,* 524 So.2d 923 (La. App. 2d Cir), *writ denied,* 531 So.2d 479 (La. 1988) and *Martinez v. Reed,* 683 F.Supp. 571 (E.D.La.1988), both courts declined to follow *Rayne* in these cases. Although *Martinez* was similar by analogy to the present case, this Court disagrees with the conclusion that *Rayne* was not dispositive.

When an attorney's action or omission is directly linked to an issue, the courts which rely on *Rayne* have found damage and have held that the prescriptive period commenced to run at that time.[6] This concept of the attorney's alleged malpractice being directly linked to the issue before a court is the distinguishing factor between the action pending before this Court and *Rayne*. The possibility that Pioneer may avoid its contractual obligation to Plaquemine due to an error allegedly made by Brand when he drafted the contract is only one possible defense raised by Pioneer in the state court action. Pioneer has raised other defenses unrelated to the contract drafted by Brand. Therefore, the Court believes that at this time the state court action constitutes "[m]ere notice of a wrongful act [and] will not suffice to commence the running of the prescriptive period."[7] The Court also finds that the plaintiff will not be able to state a cause of action concerning any possible legal malpractice committed by Brand until the breach of contract action in state court is resolved. Finally, the Court finds that there is not sufficient damage to commence the running of prescription in the legal malpractice action at this time.

Thus, the Court finds that because Plaquemine's suit against Brand for alleged legal malpractice is premature, it fails to state a claim upon which relief may be granted.

Therefore, IT IS ORDERED that the motion of Wallace Edward Brand to dismiss be and it is hereby GRANTED. Judgment shall be entered dismissing plaintiff's suit without prejudice.

---

**6.** *See e.g. Olivier v. Poirier,* 563 So.2d 1227 (La. App. 1st Cir.), *writ denied,* 568 So.2d 1054 (La. 1990); *Malone v. Wright,* 525 So.2d 13 (La.App. 3d Cir.1988); *Allain v. First Guaranty Bank,* 491 So.2d 60 (La.App. 4th Cir.1986).

**7.** *Rayne,* 487 So.2d at 995.