640 So.2d 845 (1994)
Barry ELLENDER
v.
TEXACO, INC., Best Oil Field Services, Inc., Cross Marine, Inc., ABC Insurance Company, DEF Insurance Company and GHI Insurance Company.
No. 93 CA 1803.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
Rehearing Denied August 30, 1994.
Writ Denied September 30, 1994.
John S. Hunter, New Orleans, for plaintiff-appellant Barry Ellender.
Jennifer E. Beyer, Lafayette, for defendant-appellee Cross Marine, Inc.
James R. Silverstein, New Orleans, for defendant-appellee Texaco, Inc.
J. Daniel Rayburn, Lafayette, for defendant-appellee Best Oil Field Service Inc.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
The issue raised on appeal of this maritime personal injury case is whether a Jones Act *846 seaman can recover punitive damages under the general maritime law doctrine of unseaworthiness.
Plaintiff Barry Ellender was employed as a driller by Best Oil Field Services, Inc. and assigned to the jack-up vessel known as the SOUTHERN CROSS VI, which was owned and operated by Cross Marine, Inc., when he allegedly slipped and fell in hydraulic fluid which had leaked from a crane on the M/V SOUTHERN CROSS VI. Ellender filed suit for damages and named as defendants, among others, Best Oil Field Services under the Jones Act and general maritime law, and Cross Marine under general maritime law. As to the claim against Cross Marine, Ellender claimed entitlement to punitive damages for the alleged unseaworthiness of the vessel.
Cross Marine filed a motion for summary judgment on Ellender's punitive damage claim, asserting solely that under the United States Supreme Court's decision in Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), punitive damages were no longer available under the general maritime doctrine of unseaworthiness so as to provide greater remedies to a seaman than those provided under the statutory scheme of the Jones Act. The trial court found Miles to be controlling and granted Cross Marine's motion for summary judgment, dismissing Ellender's claim against Cross Marine for punitive damages. Ellender appeals that judgment.
In Miles, the Supreme Court faced, among other things, the question of whether a deceased seaman's surviving parent could recover loss of society damages for the wrongful death of a seaman under the Jones Act. Initially, the Court noted that the Jones Act on its face does not limit the scope of recoverable damages. However, the Court said, the Jones Act does incorporate the substantive recovery provisions of the Federal Employees Liability Act (FELA), which authorize recovery only for pecuniary loss. The Supreme Court concluded that because this limitation of damages contained in FELA predated the enactment of the Jones Act, and because Congress expressly incorporated FELA's substantive provisions into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well. Hence, the Court held that there is no recovery for loss of society in a Jones Act wrongful death action.
The Miles Court, however, dealt only with damages for loss of society; it did not address the recoverability of punitive damages. Punitive damages differ from other non-pecuniary damages in that they do not compensate a plaintiff for damage incurred but, rather, are given to the plaintiff over and above the full compensation for his injuries. They serve the purpose of punishing the defendant, of teaching him not to engage in such conduct again, and of deterring others from following the defendant's example. See Mistich v. Pipelines, Inc., 609 So.2d 921 (La.App. 4th Cir.1992), writ denied, 613 So.2d 996 (La.1993), cert. denied, ___ U.S. ___, 113 S.Ct. 3020, 125 L.Ed.2d 709 (1993), citing Complaint of Merry Shipping, Inc., 650 F.2d 622 (5th Cir.1981).
We find that punitive damages under general maritime law is a remedy which is beyond the extension of Miles. Therefore, the long-standing precedent of recognizing the right to assert a claim for punitive damages under the general maritime law remains the law. Complaint of Merry Shipping, Inc., 650 F.2d 622 (5th Cir.1981); Mistich v. Pipelines, Inc., 609 So.2d 921 (La.App. 4th Cir. 1992), writ denied, 613 So.2d 996 (La.1993), cert. denied, ___ U.S. ___, 113 S.Ct. 3020, 125 L.Ed.2d 709 (1993).
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of Cross Marine and dismissing plaintiff's claim against Cross Marine for punitive damages is reversed. Costs of the motion for summary proceeding and this appeal are assessed against Cross Marine.
REVERSED AND REMANDED.