672 So.2d 319 (1996)
Louwanna Coleman JAMES
v.
FORMOSA PLASTICS CORPORATION OF LOUISIANA.
No. 95 CA 1794.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
*320 Brien J. Fricke, John G. Munoz, New Orleans, and John B. Comish, Baton Rouge, for Plaintiff-Appellant.
W. Arthur Abercrombie, Baton Rouge, for Defendant-Appellee West-Paine Laboratories, Inc.
*321 Douglas K. Williams, Baton Rouge, for Defendant-Appellee Formosa Plastics Corp. of Louisiana.
Grayson H. Brown, Baton Rouge, for Defendant-Appellee The Travelers Ins. Co.
Before LOTTINGER, C.J., and LeBLANC and FOGG, JJ.
FOGG, Judge.
This appeal is brought by a plaintiff who was injured in the course and scope of her employment. She filed her original petition against Formosa Plastics Corporation of Louisiana, which was not her employer, for compensatory damages only. After the ruling of the Louisiana Supreme Court in Billiot v. B.P. Oil Co., 93-1118 (La. 9/29/94), 645 So.2d 604, plaintiff amended her petition to include a claim for exemplary/punitive damages against Formosa Plastics Corporation and her employer, West-Paine Laboratories, Inc. The trial court sustained an exception of prescription and dismissed plaintiff's action against West-Paine. We affirm.
Louwanna Coleman James was employed by West-Paine Laboratories, Inc., as a metals prep technician. One of her job duties was to analyze waste samples submitted to West-Paine by various companies. On June 5, 1992, she was assigned to analyze a solid waste sample sent by Formosa Plastics Corporation. The sample contained cyclohexanone and had been placed in a sealed plastic bag. Shortly after opening the bag, James became ill. Her doctors later determined that her symptoms were the result of the toxic exposure. James received workers' compensation benefits from West-Paine.
James filed a timely suit against Formosa Plastics Corporation claiming it was negligent and seeking compensatory damages. She did not name her employer as a defendant. On December 13, 1994, subsequent to the Louisiana Supreme Court case of Billiot v. B.P. Oil Co., 93-1118 (La. 9/29/94), 645 So.2d 604, James filed her First Supplemental and Amending Petition for Damages, amending her claims against Formosa, and naming West-Paine as a defendant. Therein, she sought exemplary damages from both companies.[1] West-Paine filed a peremptory exception raising the objection of prescription on January 23, 1995. The trial judge sustained the exception. James appeals.
Initially, James contends that it was error for the trial court to grant West-Paine's exception of prescription because West-Paine and Formosa Plastic Corporation are solidarily liable. James relies on LSA-C.C. art. 1797 which states, "An obligation may be solidary though it derives from a different source for each obligor." She asserts that because she sued both Formosa Plastics Corporation and West-Paine for exemplary damages the amended petition should relate back to the original petition.
*322 West-Paine claims that plaintiff's request for exemplary damages under LSA-C.C. art. 2315.3 are intended to punish and one party cannot be punished for the acts of another party. Therefore, Civil Code article 1797 does not apply and prescription was not interrupted.
In Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), the Louisiana Supreme Court provided the three requisites to find solidary obligations: first, each defendant is obliged to the same thing; second, each obligor may be compelled for the whole payment, and finally, when payment by one exonerates the other toward the creditor. See also LSA-C.C. art. 1794. Differing sources of liability do not preclude an in solido obligation; the obligation may be in solido even though the obligations of the obligors arise from separate acts or by differing reasons. Williams v. Sewerage & Water Bd. of N.O., 611 So.2d 1383 (La.1993); Narcise v. Illinois Central Gulf R.R. Co., 427 So.2d 1192 (La.1983); Hoefly, 418 So.2d at 579. It is the coextensiveness of the obligations for the same debt, not the source of liability, that determines the solidarity of the obligation. Williams, 611 So.2d at 1388; Narcise, 427 So.2d at 1195; Hoefly, 418 So.2d at 579.
The issue in the instant case is whether Formosa Plastics Corporation and West-Paine can be held solidarily liable for exemplary damages pursuant to LSA-C.C. art. 2315.3. Punitive damages are to be regarded as a fine or a penalty for the protection of the public interest. These damages are provided to the plaintiff over and above the full compensation for his injuries, they are provided for the purpose of punishing the defendant, of teaching the defendant not to do a certain act again, and of deterring others from following the defendant's example. Billiot, 645 So.2d at 612; Ellender v. Texaco, Inc., 93-1803 (La.App. 1 Cir. 6/24/94), 640 So.2d 845, writ denied, 94-2339 (La. 9/30/94), 642 So.2d 883.
We find that exemplary and punitive damages do not meet the criteria established by the Louisiana Supreme Court for solidary obligations. It is the coextensiveness of the obligations for the same debt, not the source of liability, that determines the solidarity of the obligation. The primary effect of solidary liability is that any tortfeasor could be compelled to pay the entire judgment. Touchard v. Williams, 617 So.2d 885 (La.1993). In contrast, the purpose of punitive damages is to teach the defendant not to engage in such conduct again. To accomplish this, punitive damages are assessed against individual defendants based on their culpability; the punitive damage award is their individual debt. Therefore, even though both Formosa Plastics Corporation and West-Paine could be sued under LSA-C.C. art. 2315.3, neither could be compelled to pay the judgment of the other. Accordingly, neither obligor can be liable for the whole performance or debt as required by LSA-C.C. art. 1794. Requiring one tortfeasor to be responsible for the whole amount of exemplary or punitive damages, including those of another tortfeasor, would defeat the purpose of exemplary and punitive damages.
Plaintiff further contends that even if this court determines that West-Paine and Formosa Plastics Corporation are not solidary obligors, prescription did not run against West-Paine because of its continuing payment of workers' compensation benefits. There is nothing in the record before us to indicate that the plaintiff raised this issue at the trial level. Neither the oral reasons for judgment nor the written reasons for judgment indicate that the trial judge considered this issue. Issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Uniform Rules, Courts of Appeal, Rule 1-3; Big River Constr. & Remodeling Co. v. University Club I Apartments, L.P., 598 So.2d 542 (La.App. 1 Cir.1992). Because this issue was not raised in either the pleadings or the opposition to the exception of prescription, the plaintiff is precluded from raising this issue on appeal.
Finally, plaintiff alleges that it was error for the trial court to hold that the doctrine of contra non valentem was inapplicable to this litigation. Her argument is based on the contention that she was not aware of her rights of recovery until the Louisiana Supreme Court decided the case of Billiot.
*323 In order to mitigate the occasional harshness of the operation of the prescription statute, Louisiana courts have recognized that prescription may be suspended under the equitable doctrine of contra non valentem agere nulla currit praescriptio, which means that prescription does not run against a party unable to act. Wimberly v. Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206. Contra non valentem is a judicially created exception to the general rules of prescription. The basis for the doctrine is equity and justice which demands that, under certain circumstances, prescription should be suspended because the plaintiff was effectively barred from enforcing his rights for reasons external to his own will. Wimberly, 93-2361 at p. 9, 635 So.2d at 211.
The plaintiff bears the burden of showing why prescription has not run when the face of the petition reveals that the action is prescribed. Wimberly, 93-2361 at p. 8, 635 So.2d at 211. However, ignorance of one's legal rights does not toll the running of prescription. Shushan, Meyer, Jackson, McPherson & Herzog v. Machella, 483 So.2d 1156 (La.App. 5 Cir.1986).
As recognized by the Louisiana Supreme Court, contra non valentem is applicable in four categories of situations: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. Wimberly, 93-2361 at p. 9, 635 So.2d at 211. Numbers (1), (2) and (3) are clearly inapplicable to the instant case. Number (4), which is commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Wimberly, 93-2361 at p. 9, 635 So.2d at 211. It is clear from the plaintiff claims that it is Number (4) upon which she relies. She argues that it was only subsequent to the Louisiana Supreme Court's decision in Billiot that she discovered she had a new cause of action against West-Paine for exemplary damages.
We find that plaintiff's claim is without merit. The trial court, in his oral reasons for judgment, stated:

Billiot did not make law; 2315.3 made the law. The Supreme Court in Billiot merely interpreted it to say yes, you can sue your employer for punitive damages; ... So, I don't think Contra Non Valentem is applicable either.
We agree. The Supreme Court's decision in Billiot did not create a new cause of action, it merely interpreted the law. The cause of action already existed. It was only after the legislature enacted Act 432 of the 1995 Regular Session that the cause of action ceased to be. That act amended LSA-R.S. 23:1032(A)(1)(a), and included the following language:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
. . . .
Section 2. The provisions of this Act shall be applied prospectively only.
From the clear wording of the Act, the legislature did not intend to enact an interpretative law which would have been retroactive as well as prospective. Because of the prospective nature of Act 432, during the period between the enactment of LSA-C.C. art. 2315.3 and the enactment of Act 432 of *324 the 1995 Regular Session, employees had a claim against their employer for exemplary damages. The fact that another plaintiff was the first to make a workers' compensation claim under LSA-C.C. art. 2315.3 does not mean that the cause of action did not exist before that date. It simply means that, although the claim existed, no other plaintiff raised it for a court's consideration.
Accordingly, because there was no new cause of action in the instant case, the judicially created doctrine of contra non valentem is not available to the plaintiff.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
NOTES
[1] In her First Supplemental and Amending Petition for Damages, James included the following claims:

Paragraph 5. Said sample consisted of Cyclohexanone and/or other hazardous and toxic substances and was transported by defendant Formosa in manner which constituted wanton and reckless disregard for the safety of the public, including your petitioner.
Paragraph 6. Said sample was received, stored, and handled by defendant, West-Paine with wanton and reckless disregard for the safety of your petitioner, and delivered to your petitioner in a zip lock bag. Furthermore, defendant West-Paine did not possess and/or provide adequate and appropriate equipment for the safe handling, testing and storage of the toxic and hazardous sample.
Paragraph 7. Said sample was not labeled by either Formosa or West-Paine as being a Hazardous or Toxic Material, nor was said sample accompanied by any other information or warning indicating the hazardous and toxic nature of the sample, all in violation of applicable state, federal and local laws and regulations, which are pled herein as if copied in extenso.
Paragraph 8. In truth and in fact, said sample contained cyclohexanone and/or one or more unknown substances which were hazardous and extremely dangerous in nature. Defendants knew or should have known of the hazardous nature of said substances, and failed to warn petitioner of the danger thereof.
. . . .
Paragraph 14(a). Defendants, Formosa and West-Paine Laboratories, Inc., are liable unto petitioner for exemplary/punitive damages under Louisiana Civil Code Article 2315.3 for their wanton and reckless disregard for public safety in the storage, handling and/or transportation of the hazardous and toxic sample in question.