J^FITZSIMMONS, J.
The issue before this court is whether the filing of an action by Efram Washington and Edgar Stevenson against a non-employer tortfeasor interrupted the running of prescription for Washington’s employer, Terrebonne Parish Consolidated Government (Terrebonne). Terrebonne filed a peremptory exception of prescription. The exception of prescription was granted by the trial court. We affirm.
PLEADINGS
Efram Washington filed suit against Falco S & D, Inc. (Falco) for injuries allegedly incurred on November 9, 1995, as a result of spillage of hazardous or toxic substances and/or petroleum. On April 7, 1997, the petition was consolidated with another suit filed on behalf of Edgar Stevenson, entitled Stevenson v. Falco S & D, Inc. Pursuant to a supplemental and amending petition filed on March 6, 1998, plaintiffs’ employer, Terrebonne, was added as a party.[1] It was alleged in the pleadings by Washington and Stevenson in the consolidated action that Terrebonne was guilty of or responsible for an intentional tort as to plaintiffs. The allegations were based on either Terrebonne’s conscious desire of the physical result of its tortuous conduct or its knowledge that such a result was substantially certain to follow from its conduct. Said conduct included, but was not limited to, exposing plaintiffs to hazardous or toxic substances. Plaintiffs sought general, special, and exemplary damages from Terrebonne. Thereafter, in a second supplemental and amending petition, plaintiffs asserted that solidary liability between the parties inter *691 rupted prescription for general, special, and punitive damages against Terrebonne. The exception of prescription was granted on the basis of the plaintiffs’ failure to file suit against Terrebonne within one year of the accident.
INTENTIONAL TORT
The. employees/plaintiffs in this case allege that Terrebonne either desired to bring about the result or knew that it was substantially certain to happen. “Intentional act” or an “intentional tort,” within the meaning of La. R.S. 23:1082 B, means that “the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.” Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). Although plaintiffs employ the requisite legal phrases associated with a claim of an intentional tort, no facts whatsoever are advanced on which to base the conclusory statements that Terrebonne either desired to bring about the results or believed they were substantially certain to follow. It is axiomatic in Louisiana law that mere conclusions by the pleader, unsupported by facts, do not establish a cause or right of a particular action. La. C.C.P. art. 854, official revision comment (a); Montalvo v. Sondes, 93-2813, p.6 (La.5/23/94), 637 So.2d 127, 131. Accordingly, we do not find that employees have properly asserted a cause of action based on intentional tort.
The resolution of this appeal is, however, predicated on the plaintiffs failure to demonstrate the existence of a solidary relationship between Falco and Terrebonne. In the absence of solidarity, plaintiffs’ claims against Terrebonne have prescribed.[2]
PUNITIVE DAMAGES
■ In order to assert punitive damages against their employer for injuries caused by the wanton or reckless disregard of public safety in the storage, handling, or transportation of hazardous or toxic substances, the interruption of prescription against Terrebonne must be based on La. C.C. art. 2315.3, which was extant at the time of the incident at issue.[3] However, Adams v. J.E. Merit Construction, Inc., 97-2005 (La.5/19/98), 712 So.2d 88, is controlling under these circumstances. The Louisiana Supreme Court unequivocally pronounced that the exclusivity provision of. La. R.S. 23:1032 of the Workers’ Compensation Act precludes employees from recovering punitive damages from their employer for exposure to hazardous or toxic substances under former La. C.C. art. 2315.3. Adams, 712 So.2d at 89. See also James v. Formosa Plastics Corporation of Louisiana, 95-1794 (La.App. 1st Cir.4/4/96), 672 So.2d 319, writ denied, 96-1091 (La.11/22/96), 683 So.2d 285.[4] The plaintiffs’ claim, based on La. C.C. art. 2315.3, did not interrupt prescription as to Terrebonne.
1 ¿Accordingly, the judgment of the trial court granting the exception of prescription in favor of Terrebonne Parish Consolidated Government, and dismissing the suit against Terrebonne Parish- Consolidated Government by plaintiffs, Efram Washing *692 ton and Edgar Stevenson, is affirmed. All costs associated with this appeal are assessed equally to Efram Washington and Edgar Stevenson.
AFFIRMED.
WEIMER and GONZALES, JJ., concur.

. The supplemental and amending petition also named Cenac Environmental Services, ine. as an additional party.

. It is, thus, unnecessary to remand the matter to the trial court to give the plaintiffs the opportunity to amend their petition to assert sufficient facts for a cause of action based on an intentional tort.

. La. 2315.3 was repealed by Acts 1996, 1st Ex.Sess., No. 2, § 1, eff. April 16, 1996; yet, it was in effect at the time of the incident at hand.

. In James, the plaintiff similarly supplemented and amended her petition to add her employer as a defendant, and to allege exemplary/punitive damages against both her employer and the original non-employer tort-feasor defendant. This court found that exemplary and punitive damages do not meet the criteria established by the Louisiana Supreme Court for solidary obligations, which requires coextensive obligations for the same "debt.” James, 672 So.2d at 322. (The James decision was handed down before the effective date of the 1996 amendment to La. C.C. art. 2324.)